Lafayette Parish
Filed Aug 18, 2021 8:14 AM
Simone Vaughan
Deputy Clerk of Court

C-2021 4330 D

15ᵗʰ JUDICIAL DISTRICT COURT
LAFAYETTE PARISH
STATE OF LOUISIANA

NUMBER   C-20214330   DIVISION " D "

JENA JOHNS

VERSUS

COIL TUBING PARTNERS, LLC

**********************************************************************
PETITION

The Petition of Jena Johns, a resident of the full age of majority of Vermillion Parish,
Louisiana, respectfully represents:

1.

Made defendant herein is Coil Tubing Partners LLC, (hereinafter CTP), a Louisiana
Limited Liability Company domiciled and doing business in Lafayette Parish, Louisiana, which is
justly and truly indebted unto Petitioner for all sums as are reasonable under the premises, attorney
fees, all costs of these proceedings, legal interest thereon from the date of demand until paid, and
all such other relief to which Petitioner is entitled at law or in equity.

2.

At all times pertinent hereto, defendant was Petitioner's "employer" within the meaning
and intent of the law and employed greater than two hundred (100) employees, including
Petitioner.  At all times pertinent hereto, Petitioner, was an "employee" of defendant within the
meaning and intent of the law.

3.

At all times pertinent hereto, Jordan Perret, CFO, Carolyn Suire, Human Resource
Director, Stacy Dardar, Financial Controller, and Jerry Ritter, CEO, were Petitioner's supervisors
with immediate and successively higher authority over her employment with defendant.

4.

On February 17, 2020, Petitioner began her employment with defendant as an Assistant
Financial Controller.  Shortly thereafter, Petitioner repeatedly witnessed defendant discriminate
against and harass other female employee(s) because of their race and sex/gender, including Layla
Bolden.  On or around September 1, 2020, Petitioner witnessed defendant, through Perret, make
derogatory comments about two (2) white employee(s) who were married to African American(s),
including Ms. Bolden, stating that they were "stupid because they were married to black people".

1



Certified True and
Correct Copy
CertID: 2021081800482

Lafayette Parish
Deputy Clerk of Court

EXHIBIT
A

Generated Date:
8/18/2021 12:37 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Defendant also admitted to Petitioner that it was discriminating against and harassing Ms. Bolden because of her race and sex/gender, including Dardar admitting that she and Perret were racist and commonly made racist remarks about African Americans.

5.

Petitioner also witnessed defendant retaliate/take reprisal against other female employee(s), such as Ms. Bolden, because Ms. Bolden engaged in protected activities, which included, but was not limited to:

a.  Defendant, through Dardar, on August 4, 2020, advising Petitioner that defendant was attempting to "set" Ms. Bolden up to be fired because she reported and complained about race and sex/gender-based discrimination/harassment;

b.  Defendant admitting to Petitioner that there were going to be "many write-ups" against Ms. Bolden in an effort to terminate her and that Ms. Bolden could "quit if she [did not] like it [in reference to the discrimination/harassment]";

c.  Defendant, through Dardar, on September 2, 2020, stating to Petitioner that defendant would offer Ms. Bolden approximatley fifty thousand dollars ($50,000) to sixty thousand dollars ($60,000) if she left her employment and did not pursue any action against defendant as a result of its unlawful actions;

d.  Defendant, through Suire, admitting to Petitioner that although Ritter previously attempted to "pacify" and make Ms. Bolden feel "comfortable", defendant did not intend to address her complaints of race and gender/sex-based discrimination/harassment and instead, wanted Ms. Bolden to "drop her guard" so defendant could find a basis to terminate Ms. Bolden.  Suire further stated to Petitioner that Ms. Bolden was a "target", that there was a "plan" to get rid of her, was placed on a "three (3) strike rule" and that she "already had two (2) strikes", and defendant was going to "pull everything" it "possibly [could] against" Ms. Bolden in an attempt to fire her because of her race, sex/gender, and protected activities;

e.  False accusations of poor work performance against Ms. Bolden; and

f.  Defendant, through Dardar, acknowledging to Petitioner that defendant was attempting to "set" Mr. Bolden "up" because of her race, sex/gender, and protected activities.

6.

From August, 2020, through January, 2021, Petitioner complained, opposed, and reported

2



Certified True and
Correct Copy
CertID: 2021081800482

*Ally Bivins*
Lafayette Parish
Deputy Clerk of Court

Generated Date:
8/18/2021 12:37 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

the unlawful race and gender/sex-based discrimination/harassment and retaliation/reprisal of Ms. Bolden directly to Perret, to no avail.    Petitioner further reported and complained about the unlawful conduct to defendant, through Dardar, Suire, and Ritter.  However, defendant failed to take any action to cease the discrimination/harassment and retaliation/reprisal.  Instead, defendant actively dissuaded Petitioner from reporting the unlawful conduct, including Ritter advising Petitioner that Perret was "not going anywhere" and Suire directing Petitioner to "let it go".

7.

Thereafter, defendant retaliated/took reprisal against Petitioner as a result of her protected activities, including threatening her job, retaliatory harassment, issuing her false reprimands, removing significant and material job duties, including payroll, and relegating her to mere clerical duties, altering Petitioner's work schedule to unfavorable hours, falsely accusing her of poor work performance and making a sexual advance on Ritter, posting an opening for her job position, suspending her, and ultimately terminating her.  On numerous occasions, Dardar repeatedly questioned Petitioner whether she was "sure" she wanted to report Perret and that it was a "just a game".   Suite also disclosed to Petitioner that defendant "did not care" about the discrimination/harassment and retaliation/reprisal and threatened if Petitioner did not like it, she could "find [an]other job".  Petitioner was further restricted by Perret from complaining about defendant's unlawful conduct in writing or to defendant's Human Resource Department.

8.

On September 10, 2020, defendant, through Dardar, stated to Petitioner that she was not "trusted" because of her protected activities and Perret was using "words against" her.  On or around October 15, 2020, after Petitioner received a retaliatory email altering her work schedule, defendant, through Dardar, threatened Petitioner to "pack" her "sh*** too because it's done [in reference to her job]".  Defendant, through Perret, then began openly discussing Petitioner's employment and admitted that he was attempting to "run" Petitioner "off" from her job because of her protected activities.

9.

On January 8, 2021, Petitioner complained to defendant, through Ritter, Suire, and Dardar, about the retaliation/reprisal she was suffering and provided specific details as to her protected activities, defendant's unlawful conduct, and the negative affects to her mental and physical health.  Two (2) days later, on Sunday, January 10, 2021, Petitioner received an email from defendant

3


**Certified True and Correct Copy**
CertID: 2021081800482

*Ally Bintana*
Lafayette Parish
Deputy Clerk of Court

Generated Date:
8/18/2021 12:37 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

terminating her employment, effective Monday, January 11, 2021, specifically citing her protected activities, including on December 4, 2020, as an alleged basis for her termination. Although defendant falsely accused Petitioner of poor work performance as an additional reason for her termination, this reason was pretext for defendant's unlawful termination and retaliatory motive against her. Prior to Petitioner's protected activities, she was not counseled, reprimanded, written-up, or disciplined. In fact, defendant did not cite Petitioner for any alleged unsatisfactory work performance at prior to her protected activities.

10.

Petitioner shows that the defendant has a policy, practice, and/or custom of discriminating, harassing, and/or retaliating/taking reprisal against employee(s). For instance, defendant retaliated/took reprisal against similarly situated employee(s) as Petitioner, including Ms. Bolden, who reported and complained about race and gender/sex-based discrimination/harassment and retaliation/reprisal in the workplace.

11.

Petitioner shows that defendant failed to have in full force and effect an effective policy regarding race and gender/sex-based discrimination/harassment and retaliation/reprisal in the workplace. Defendant failed and/or refused to take any action to remedy the situation in Petitioner's work environment, failed and/or refused to take any action to prevent race and gender/sex-based discrimination/harassment and/or retaliation/reprisal from occurring, and deliberately failed to address Petitioner's complaints. Petitioner shows that defendant's retaliation/reprisal against Petitioner culminated in the taking of tangible employment action, including threatening her job, retaliatory harassment, issuing her false reprimands, removing significant and material job duties, altering Petitioner's work schedule to unfavorable hours, falsely accusing her of poor work performance and making sexual advances on another employee, posting an opening for her job position, suspending her, and firing her.

12.

Petitioner contends that the actions/inactions of defendant, namely, race and sex/gender-based discrimination and harassment, violated the law under La. R.S. 23:301, *et seq.* Defendant's retaliation/reprisal against Petitioner, including threatening her job, retaliatory harassment, issuing her false reprimands, removing significant and material job duties, altering Petitioner's work schedule to unfavorable hours, falsely accusing her of poor work performance and making sexual

4


**Certified True and Correct Copy**
CertID: 2021081800482

Lafayette Parish
Deputy Clerk of Court

Generated Date:
8/18/2021 12:37 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

advances on another employee, posting an opening for her job position, suspending her, and firing her, were in violation of La R.S. 23:967, for which Petitioner sues defendant for herein.

13.

On October 22, 2020, Petitioner timely filed Charge(s) of Discrimination with the EEOC and LCHR. Petitioner has not yet received her Notice of Right to Sue and, accordingly, reserves her right to supplement this Petition and add her claim(s) under federal law upon receipt of her Notice of Right to Sue.

14.

As a result of the situation sued upon herein, Petitioner sustained damages which include, but are not limited to, past and future lost wages and benefits, loss of job, severe emotional distress, mental anguish, embarrassment, humiliation, psychological damages, medical expenses, and all such other damages as will be more fully shown at trial of this matter and for which Petitioner sues for herein.

15.

Petitioner seeks and is entitled to attorney fees pursuant to La. R.S. 23:967.

16.

Petitioner seeks and is entitled to all such other relief afforded to her at law and in equity, including an award of litigation expenses and all costs of these proceedings.

17.

Petitioner is entitled to and desires a trial by jury.

WHEREFORE, Petitioner, Jena Johns, prays for trial by jury, and after due proceedings are had there be Judgment herein in her favor and against defendant, Coil Tubing Partners, LLC, for all sums as are reasonable under the premises, attorney fees, all costs of these proceedings, legal interest thereon from the date of judicial demand until paid, and all such other relief to which Petitioner is entitled at law or in equity.

5



Certified True and Correct Copy
CertID: 2021081600482

Lafayette Parish
Deputy Clerk of Court

Generated Date:
8/18/2021 12:37 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Respectfully submitted,

By: _____

Jill L. Craft, T.A., Bar Roll #20922
W. Brett Conrad, Jr., Bar Roll #37639
Kaitlin A. Wall, Bar Roll #39462
Jill L. Craft, Attorney at Law, LLC
329 Saint Ferdinand Street
Baton Rouge, Louisiana  70802
(225) 663-2612

**PLEASE SERVE:**

Coil Tubing Partners, LLC
Through its registered agent for service:
Henry C. Perret, Jr.
1301 Camella Blvd., Suite 400
Lafayette, Louisiana 70508

6

Certified True and
Correct Copy
CertID: 2021081800482

Lafayette Parish
Deputy Clerk of Court

Generated Date:
8/18/2021 12:37 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Lafayette Parish
Filed Aug 18, 2021 9:14 AM    C-20214330
Simone Vaughan              D
Deputy Clerk of Court

# 15th JUDICIAL DISTRICT COURT
## LAFAYETTE, PARISH
## STATE OF LOUISIANA

NUMBER ___ C-20214330 ___    DIVISION " D "

### JENA JOHNS

### VERSUS

### COIL TUBING PARTNERS, LLC

**************************************************************************
### VERIFICATION

STATE OF LOUISIANA
PARISH'S OF EAST BATON ROUGE

BEFORE ME, the undersigned Notary Public personally came and appeared:

### JENA JOHNS

A resident of the full age of majority of Lafayette Parish, Louisiana, who upon being duly

sworn did depose and state that she is the Petitioner in the above and foregoing Petition, that she

has read same and all facts and alleges are true and correct.

_____
Jena Johns

SWORN TO AND SUBSCRIBED before me, Notary Public, this _17_ day of

_August_ , 2021.

_____
w.Brett Conrad
La Bar Roll No.: 37639

7

Certified True and
Correct Copy
CertID: 2021081800463

Lafayette Parish
Deputy Clerk of Court

Generated Date:
8/18/2021 12:37 PM

Alteration and subsequent re-filing of this certified copy may violate i.e. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Lafayette Parish
Filed Jul 08, 2022 9:36 AM
Simone Vaughan
Deputy Clerk of Court

C-20214330
D

**15th JUDICIAL DISTRICT COURT**
**LAFAYETTE PARISH**
**STATE OF LOUISIANA**

**NUMBER 2021-4330  DIVISION "D"**

**JENA JOHNS**

**VERSUS**

**COIL TUBING PARTNERS, LLC**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**FIRST SUPPLEMENTAL, AMENDING, AND RESTATED PETITION**

The First Supplemental, Amending, and Restated Petition of Jena Johns, a resident of the full age of majority of Vermillion Parish, Louisiana, respectfully represents with her supplementations and amendments reflected herein in bold:

1.

Made defendant herein is Coil Tubing Partners LLC, (hereinafter CTP), a Louisiana Limited Liability Company domiciled and doing business in Lafayette Parish, Louisiana, which is justly and truly indebted unto Petitioner for all sums as are reasonable under the premises, **punitive damages as allowed by law,** attorney fees, all costs of these proceedings, legal interest thereon from the date of demand until paid, and all such other relief to which Petitioner is entitled at law or in equity.

2.

At all times pertinent hereto, defendant was Petitioner's "employer" within the meaning and intent of the law and employed greater than two hundred (100) employees, including Petitioner.  At all times pertinent hereto, Petitioner, was an "employee" of defendant within the meaning and intent of the law.

3.

At all times pertinent hereto, Jordan Perret, CFO, Carolyn Suire, Human Resource Director, Stacy Dardar, Financial Controller, and Jerry Ritter, CEO, were Petitioner's supervisors with immediate and successively higher authority over her employment with defendant.

4.

On February 17, 2020, Petitioner began her employment with defendant as an Assistant Financial Controller.  Shortly thereafter, Petitioner repeatedly witnessed defendant discriminate against and harass other female employee(s) because of their race and sex/gender, including Layla Bolden.  On or around September 1, 2020, Petitioner witnessed defendant, through Perret, make

1

derogatory comments about two (2) white employee(s) who were married to African American(s), including Ms. Bolden, stating that they were "stupid because they were married to black people". Defendant also admitted to Petitioner that it was discriminating against and harassing Ms. Bolden because of her race and sex/gender, including Dardar admitting that she and Perret were racist and commonly made racist remarks about African Americans.

5.

Petitioner also witnessed defendant retaliate/take reprisal against other female employee(s), such as Ms. Bolden, because Ms. Bolden engaged in protected activities, which included, but was not limited to:

a.  Defendant, through Dardar, on August 4, 2020, advising Petitioner that defendant was attempting to "set" Ms. Bolden up to be fired because she reported and complained about race and sex/gender-based discrimination/harassment;

b.  Defendant admitting to Petitioner that there were going to be "many write-ups" against Ms. Bolden in an effort to terminate her and that Ms. Bolden could "quit if she [did not] like it [in reference to the discrimination/harassment]";

c.  Defendant, through Dardar, on September 2, 2020, stating to Petitioner that defendant would offer Ms. Bolden approximatley fifty thousand dollars ($50,000) to sixty thousand dollars ($60,000) if she left her employment and did not pursue any action against defendant as a result of its unlawful actions;

d.  Defendant, through Suire, admitting to Petitioner that although Ritter previously attempted to "pacify" and make Ms. Bolden feel "comfortable", defendant did not intend to address her complaints of race and gender/sex-based discrimination/harassment and instead, wanted Ms. Bolden to "drop her guard" so defendant could find a basis to terminate Ms. Bolden. Suire further stated to Petitioner that Ms. Bolden was a "target", that there was a "plan" to get rid of her, was placed on a "three (3) strike rule" and that she "already had two (2) strikes", and defendant was going to "pull everything" it "possibly [could] against" Ms. Bolden in an attempt to fire her because of her race, sex/gender, and protected activities;

e.  False accusations of poor work performance against Ms. Bolden; and

f.  Defendant, through Dardar, acknowledging to Petitioner that defendant was attempting to "set" Mr. Bolden "up" because of her race, sex/gender, and protected activities.

2

6.

From August, 2020, through January, 2021, Petitioner complained, opposed, and reported the unlawful race and gender/sex-based discrimination/harassment and retaliation/reprisal of Ms. Bolden directly to Perret, to no avail.   Petitioner further reported and complained about the unlawful conduct to defendant, through Dardar, Suire, and Rittter.  However, defendant failed to take any action to cease the discrimination/harassment and retaliation/reprisal.  Instead, defendant actively dissuaded Petitioner from reporting the unlawful conduct, including Ritter advising Petitioner that Perret was "not going anywhere" and Suire directing Petitioner to "let it go".

7.

Thereafter, defendant retaliated/took reprisal against Petitioner as a result of her protected activities, including threatening her job, retaliatory harassment, issuing her false reprimands, removing significant and material job duties, including payroll, and relegating her to mere clerical duties, altering Petitioner's work schedule to unfavorable hours, falsely accusing her of poor work performance and making a sexual advance on Ritter, posting an opening for her job position, suspending her, and ultimately terminating her.   On numerous occasions, Dardar repeatedly questioned Petitioner whether she was "sure" she wanted to report Perret and that it was a "just a game".    Suite also disclosed to Petitioner that defendant "did not care" about the discrimination/harassment and retaliation/reprisal and threatened if Petitioner did not like it, she could "find [an]other job".  Petitioner was further restricted by Perret from complaining about defendant's unlawful conduct in writing or to defendant's Human Resource Department.

8.

On September 10, 2020, defendant, through Dardar, stated to Petitioner that she was not "trusted" because of her protected activities and Perret was using "words against" her.  On or around October 15, 2020, after Petitioner received a retaliatory email altering her work schedule, defendant, through Dardar, threatened Petitioner to "pack" her "sh*** too because it's done [in reference to her job]".   Defendant, through Perret, then began openly discussing Petitioner's employment and admitted that he was attempting to "run" Petitioner "off" from her job because of her protected activities.

9.

On January 8, 2021, Petitioner complained to defendant, through Ritter, Suire, and Dardar, about the retaliation/reprisal she was suffering and provided specific details as to her protected

3

activities, defendant's unlawful conduct, and the negative affects to her mental and physical health. Two (2) days later, on Sunday, January 10, 2021, Petitioner received an email from defendant terminating her employment, effective Monday, January 11, 2021, specifically citing her protected activities, including on December 4, 2020, as an alleged basis for her termination. Although defendant falsely accused Petitioner of poor work performance as an additional reason for her termination, this reason was pretext for defendant's unlawful termination and retaliatory motive against her. Prior to Petitioner's protected activities, she was not counseled, reprimanded, written-up, or disciplined. In fact, defendant did not cite Petitioner for any alleged unsatisfactory work performance at any time prior to her protected activities.

10.

Petitioner shows that the defendant has a policy, practice, and/or custom of discriminating, harassing, and/or retaliating/taking reprisal against employee(s). For instance, defendant retaliated/took reprisal against similarly situated employee(s) as Petitioner, including Ms. Bolden, who reported and complained about race and gender/sex-based discrimination/harassment and retaliation/reprisal in the workplace.

11.

Petitioner shows that defendant failed to have in full force and effect an effective policy regarding race and gender/sex-based discrimination/harassment and retaliation/reprisal in the workplace. Defendant failed and/or refused to take any action to remedy the situation in Petitioner's work environment, failed and/or refused to take any action to prevent race and gender/sex-based discrimination/harassment and/or retaliation/reprisal from occurring, and deliberately failed to address Petitioner's complaints. Petitioner shows that defendant's retaliation/reprisal against Petitioner culminated in the taking of tangible employment action, including threatening her job, retaliatory harassment, issuing her false reprimands, removing significant and material job duties, altering Petitioner's work schedule to unfavorable hours, falsely accusing her of poor work performance and making sexual advances on another employee, posting an opening for her job position, suspending her, and firing her.

12.

Petitioner contends that the actions/inactions of defendant, namely, race and sex/gender-based discrimination and harassment, violated the law under La. R.S. 23:301, *et seq.* Defendant's retaliation/reprisal against Petitioner, including threatening her job, retaliatory harassment, issuing

4

her false reprimands, removing significant and material job duties, altering Petitioner's work schedule to unfavorable hours, falsely accusing her of poor work performance and making sexual advances on another employee, posting an opening for her job position, suspending her, and firing her, were in violation of La R.S. 23:967, for which Petitioner sues defendant for herein.

**12b.**

Petitioner contends that the actions/inactions of defendant, namely the incidents which are identified by Petitioner herein constituted unlawful race and sex/gender-based discrimination and harassment and/or that Petitioner reasonably believed the incidents identified by Petitioner herein constituted unlawful race and sex/gender-based discrimination and harassment in violation of Title VII and/or that as result of Petitioner's opposition to and reports of what she reasonably believed to be unlawful race and sex/gender-based discrimination and harassment. Petitioner contends as a result of her activities protected by Title VII, she was subjected to unlawful retaliation in violation of Title VII and for which she sues for herein.

**13.**

On October 22, 2020, Petitioner timely filed Charge(s) of Discrimination with the EEOC and LCHR. Petitioner **received the attached Notices of Right to Sue from the EEOC, both dated June 30, 2022, and therefore all conditions prerequisite to suit herein under Title VII have been met and complied with.**

**14.**

As a result of the situation sued upon herein, Petitioner sustained damages which include, but are not limited to, past and future lost wages and benefits, loss of job, severe emotional distress, mental anguish, embarrassment, humiliation, psychological damages, medical expenses, and all such other damages as will be more fully shown at trial of this matter and for which Petitioner sues for herein.

**15.**

Petitioner seeks and is entitled to attorney fees pursuant to La. R.S. 23:967 **and pursuant to Title VII.**

5

15a.

Petitioner shows that the actions of the defendant were in wanton and reckless disregard for her clearly established and protected rights.  Petitioner seeks and is entitled to an award of punitive damages pursuant to 42 U.S.C. §1981a.

16.

Petitioner seeks and is entitled to all such other relief afforded to her at law and in equity, including an award of litigation expenses and all costs of these proceedings.

17.

Petitioner is entitled to and desires a trial by jury.

WHEREFORE, Petitioner, Jena Johns, prays for trial by jury, and after due proceedings are had there be Judgment herein in her favor and against defendant, Coil Tubing Partners, LLC, for all sums as are reasonable under the premises, punitive damages as allowed by law, attorney fees, all costs of these proceedings, legal interest thereon from the date of judicial demand until paid, and all such other relief to which Petitioner is entitled at law or in equity.

Respectfully submitted,

By:
Jill L. Craft, T.A., Bar Roll #20922
W. Brett Conrad, Jr., Bar Roll #37639
Jill L. Craft, Attorney at Law, LLC
329 Saint Ferdinand Street
Baton Rouge, Louisiana  70802
(225) 663-2612

CERTIFICATE OF SERVICE

The undersigned hereby certifies that I have served a copy of the above and foregoing First Supplemental, Amending, and Restated Petition upon counsel of record for all parties defendant hereto, Mr. Joel P. Babineaux, Ms. Karen T. Bordelon, Ms. Sarah B. Dupont, Babineaux, Poche´, Anthony & Slavich, L.L.C., Post Office Box 52169, Lafayette, Louisiana  70505-2169, via email and First Class United States mail, properly addressed with sufficient postage affixed thereto on this 5 day of _____, 2022.

Baton Rouge, Louisiana, this 5 day of _____, 2022.

6

Lafayette Parish
Filed Jul 08, 2022 9:35 AM
Simone Vaughan
Deputy Clerk of Court

C-20214330
D



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New Orleans Field Office**

500 Poydras St., Suite 809
New Orleans, LA  70130
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
New Orleans Status Line: (866) 408-8075
New Orleans Direct Dial: (504) 595-2826
TTY (504) 595-2958
FAX (504) 595-2884

Jena Johns
110 Rue Des Cannes
Maurice, LA 70555

Re:     Charge Number: 461-2020-02511
        Jena Johns v Coil Tubing Partners, LLC

Dear Ms. Johns:

You filed the above referenced charge of discrimination. The EEOC has carefully assessed and reviewed your charge of discrimination and determined that it should be closed. This decision is made considering all aspects of your case including the EEOC's limited resources which make it impossible to pursue all possible leads in every investigation. Our determination not to continue the investigation does not mean that your charge has no merit or that the conduct of the employer is lawful. It simply means that based on the evidence we have reviewed or uncovered at this time we are unable to determine whether or not a violation of the law has occurred.

Based upon information gathered during the investigation, the Commission will not proceed further with the investigation of your charge. However, the Commission was created as a first step before going into court regarding a matter alleging a violation of the law. Because we will not proceed further, does not mean that you cannot prevail in a court of law if you decide to pursue this matter further.

The Dismissal and Notice of Rights is being issued to you based on the evidence described above. You will have 90 days from your receipt of the Dismissal and Notice of Rights, EEOC Form 161, to pursue this matter on your own in Federal District Court if you decide to pursue this matter further.

Sincerely,

Vera A.
Sumpter

Digitally signed by Vera A. Sumpter
DN: cn=Vera A. Sumpter, o=EEOC,
email=vera.sumpter@eeoc.gov, c=US
Date: 2022.06.30 15:18:16 -05'00'
Adobe Acrobat version: 2022.001.20117

06/30/2022
Date

Investigator

cc:  Brett Conrad and Jill Craft, attorney for the charging party

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

New Orleans Field Office
500 Poydras Street, Suite 809
New Orleans, LA 70130
(504) 635-2531
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 06/30/2022

To:  Ms. Jena Johns
110 Rue Des Cannes
MAURICE, LA 70555
Charge No: 461-2020-02511

EEOC Representative and email:    Vera Sumpter
Investigator
vera.sumpter@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 461-2020-02511.

On behalf of the Commission,

Digitally Signed By:Rayford O. Irvin
06/30/2022
Rayford O. Irvin
District Director

Cc:
Joel P Babineaux
BABINEAUX, POCHE, ANTHONY & SLAVICH, L.L.C.
JBABINEAUX@BPASFIRM.COM

Carolyn Suire
COIL TUBING PARTNERS, LLC
csuire@coiltubingpartners.com

Brett Conrad
JILL CRAFT LAW
bconrad@craftlaw.net

Jill L Craft
JILL L. CRAFT
jcraft@craftlaw.net

Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 461-2020-02511 to the District Director at Rayford O. Irvin, 1919 Smith Street 6th Floor

Houston, TX 77002.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

Enclosure with EEOC Notice of Closure and Rights (01/22)

You may request the charge file up to 90 days after receiving this Notice of Right to Sue.  After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.

LAFPC.CV.63021174

Requested by Atty.: CONRAD, W BRETT, JR

# CITATION

| | |
|---|---|
| **JENA JOHNS** | **15TH JUDICIAL DISTRICT COURT** |
| **VS** | **DOCKET NUMBER: C-20214330 D** |
| **COIL TUBING PARTNERS LLC** | **PARISH OF LAFAYETTE, LOUISIANA** |

**STATE OF LOUISIANA**

TO:  **COIL TUBING PARTNERS, LLC**
**THROUGH ITS REGISTERED AGENT FOR SERVICE:**
**HENRY C. PERRET, JR.**
**1301 CAMELLA BLVD., SUITE 400**
**LAFAYETTE, LA 70508**

of the Parish of Lafayette

You are hereby cited to comply with the demand contained in the petition, a certified copy of which accompanies this citation, (exclusive of exhibits).  You should file an answer or other pleading to said petition in the office of the Clerk of the 15th Judicial District Court in the Lafayette Parish Courthouse, Lafayette, Louisiana, within fifteen (15) days after the service hereof.  Alternatively, your failure to comply herewith will subject you to the penalty of entry of default judgment against you.
WITNESS THE HONORABLE JUDGES OF SAID COURT, this AUGUST 18, 2021.

_____
Deputy Clerk of Court
Lafayette Parish

**\*Attached are the following documents:**
**PETITION AND VERIFICATION**

SHERIFF'S RETURN

LAFAYETTE PARISH SHERIFF

DATE SERVED: _____, 20_____ TIME: _____
SERVED: _____
PERSONAL ( ) ____
DOMICILIARY ( ) ON _____
UNABLE TO LOCATE        MOVED ( )         NO SUCH ADDRESS ( )
OTHER REASON: _____
RECEIVED TOO LATE FOR SERVICE  (  )
SERVICE OF WITHIN PAPERS
COSTS FEE $_____     MILEAGE $_____     TOTAL $_____
DEPUTY _____



RECEIVED
AUG 2 0 2021
BY: Cindy Wartelle

EXHIBIT
C

Lafayette Parish
Filed Aug 18, 2021 9:14 AM
Simone Vaughan
Deputy Clerk of Court

C-20214330·
D

15th JUDICIAL DISTRICT COURT
LAFAYETTE PARISH
STATE OF LOUISIANA

NUMBER ___C-20214330___   DIVISION " _D_ "

JENA JOHNS

VERSUS

COIL TUBING PARTNERS, LLC
************************************************************************
PETITION

The Petition of Jena Johns, a resident of the full age of majority of Vermillion Parish,

Louisiana, respectfully represents:

1.

Made defendant herein is Coil Tubing Partners LLC, (hereinafter CTP), a Louisiana

Limited Liability Company domiciled and doing business in Lafayette Parish, Louisiana, which is

justly and truly indebted unto Petitioner for all sums as are reasonable under the premises, attorney

fees, all costs of these proceedings, legal interest thereon from the date of demand until paid, and

all such other relief to which Petitioner is entitled at law or in equity.

2.

At all times pertinent hereto, defendant was Petitioner's "employer" within the meaning

and intent of the law and employed greater than two hundred (100) employees, including

Petitioner.  At all times pertinent hereto, Petitioner, was an "employee" of defendant within the

meaning and intent of the law.

3.

At all times pertinent hereto, Jordan Perret, CFO, Carolyn Suire, Human Resource

Director, Stacy Dardar, Financial Controller, and Jerry Ritter, CEO, were Petitioner's supervisors

with immediate and successively higher authority over her employment with defendant.

4.

On February 17, 2020, Petitioner began her employment with defendant as an Assistant

Financial Controller.  Shortly thereafter, Petitioner repeatedly witnessed defendant discriminate

against and harass other female employee(s) because of their race and sex/gender, including Layla

Bolden.  On or around September 1, 2020, Petitioner witnessed defendant, through Perret, make

derogatory comments about two (2) white employee(s) who were married to African American(s),

including Ms. Bolden, stating that they were "stupid because they were married to black people".

1


Certified True and
Correct Copy
CertID: 20210361800482

Lafayette Parish
Deputy Clerk of Court

Generated Date:
8/18/2021 12:37 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Defendant also admitted to Petitioner that it was discriminating against and harassing Ms. Bolden because of her race and sex/gender, including Dardar admitting that she and Perret were racist and commonly made racist remarks about African Americans.

5.

Petitioner also witnessed defendant retaliate/take reprisal against other female employee(s), such as Ms. Bolden, because Ms. Bolden engaged in protected activities, which included, but was not limited to:

a. Defendant, through Dardar, on August 4, 2020, advising Petitioner that defendant was attempting to "set" Ms. Bolden up to be fired because she reported and complained about race and sex/gender-based discrimination/harassment;

b. Defendant admitting to Petitioner that there were going to be "many write-ups" against Ms. Bolden in an effort to terminate her and that Ms. Bolden could "quit if she [did not] like it [in reference to the discrimination/harassment]";

c. Defendant, through Dardar, on September 2, 2020, stating to Petitioner that defendant would offer Ms. Bolden approximatley fifty thousand dollars ($50,000) to sixty thousand dollars ($60,000) if she left her employment and did not pursue any action against defendant as a result of its unlawful actions;

d. Defendant, through Suire, admitting to Petitioner that although Ritter previously attempted to "pacify" and make Ms. Bolden feel "comfortable", defendant did not intend to address her complaints of race and gender/sex-based discrimination/harassment and instead, wanted Ms. Bolden to "drop her guard" so defendant could find a basis to terminate Ms. Bolden. Suire further stated to Petitioner that Ms. Bolden was a "target", that there was a "plan" to get rid of her, was placed on a "three (3) strike rule" and that she "already had two (2) strikes", and defendant was going to "pull everything" it "possibly [could] against" Ms. Bolden in an attempt to fire her because of her race, sex/gender, and protected activities;

e. False accusations of poor work performance against Ms. Bolden; and

f. Defendant, through Dardar, acknowledging to Petitioner that defendant was attempting to "set" Mr. Bolden "up" because of her race, sex/gender, and protected activities.

6.

From August, 2020, through January, 2021, Petitioner complained, opposed, and reported

2


Certified True and
Correct Copy
CertID: 20210816004B2

Lafayette Parish
Deputy Clerk of Court

Generated Date:
8/18/2021 12:37 PM

Alteration and subsequent re-filing of this certified copy may Violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

the unlawful race and gender/sex-based discrimination/harassment and retaliation/reprisal of Ms. Bolden directly to Perret, to no avail.    Petitioner further reported and complained about the unlawful conduct to defendant, through Dardar, Suire, and Rittter.  However, defendant failed to take any action to cease the discrimination/harassment and retaliation/reprisal.  Instead, defendant actively dissuaded Petitioner from reporting the unlawful conduct, including Ritter advising Petitioner that Perret was "not going anywhere" and Suire directing Petitioner to "let it go".

7.

Thereafter, defendant retaliated/took reprisal against Petitioner as a result of her protected activities, including threatening her job, retaliatory harassment, issuing her false reprimands, removing significant and material job duties, including payroll, and relegating her to mere clerical duties, altering Petitioner's work schedule to unfavorable hours, falsely accusing her of poor work performance and making a sexual advance on Ritter, posting an opening for her job position, suspending her, and ultimately terminating her.  On numerous occasions, Dardar repeatedly questioned Petitioner whether she was "sure" she wanted to report Perret and that it was a "just a game".   Suite also disclosed to Petitioner that defendant "did not care" about the discrimination/harassment and retaliation/reprisal and threatened if Petitioner did not like it, she could "find [an]other job".  Petitioner was further restricted by Perret from complaining about defendant's unlawful conduct in writing or to defendant's Human Resource Department.

8.

On September 10, 2020, defendant, through Dardar, stated to Petitioner that she was not "trusted" because of her protected activities and Perret was using "words against" her.  On or around October 15, 2020, after Petitioner received a retaliatory email altering her work schedule, defendant, through Dardar, threatened Petitioner to "pack" her "sh***" too because it's done [in reference to her job]".  Defendant, through Perret, then began openly discussing Petitioner's employment and admitted that he was attempting to "run" Petitioner "off" from her job because of her protected activities.

9.

On January 8, 2021, Petitioner complained to defendant, through Ritter, Suire, and Dardar, about the retaliation/reprisal she was suffering and provided specific details as to her protected activities, defendant's unlawful conduct, and the negative affects to her mental and physical health. Two (2) days later, on Sunday, January 10, 2021, Petitioner received an email from defendant

3



**Certified True and Correct Copy**
CertID: 2021061800482

Lafayette Parish
Deputy Clerk of Court

Generated Date:
8/18/2021 12:37 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

terminating her employment, effective Monday, January 11, 2021, specifically citing her protected activities, including on December 4, 2020, as an alleged basis for her termination.  Although defendant falsely accused Petitioner of poor work performance as an additional reason for her termination, this reason was pretext for defendant's unlawful termination and retaliatory motive against her.  Prior to Petitioner's protected activities, she was not counseled, reprimanded, written-up, or disciplined.  In fact, defendant did not cite Petitioner for any alleged unsatisfactory work performance at prior to her protected activities.

10.

Petitioner shows that the defendant has a policy, practice, and/or custom of discriminating, harassing, and/or retaliating/taking reprisal against employee(s).  For instance, defendant retaliated/took reprisal against similarly situated employee(s) as Petitioner, including Ms. Bolden, who reported and complained about race and gender/sex-based discrimination/harassment and retaliation/reprisal in the workplace.

11.

Petitioner shows that defendant failed to have in full force and effect an effective policy regarding race and gender/sex-based discrimination/harassment and retaliation/reprisal in the workplace.  Defendant failed and/or refused to take any action to remedy the situation in Petitioner's work environment, failed and/or refused to take any action to prevent race and gender/sex-based discrimination/harassment and/or retaliation/reprisal from occurring, and deliberately failed to address Petitioner's complaints.  Petitioner shows that defendant's retaliation/reprisal against Petitioner culminated in the taking of tangible employment action, including threatening her job, retaliatory harassment, issuing her false reprimands, removing significant and material job duties, altering Petitioner's work schedule to unfavorable hours, falsely accusing her of poor work performance and making sexual advances on another employee, posting an opening for her job position, suspending her, and firing her.

12.

Petitioner contends that the actions/inactions of defendant, namely, race and sex/gender-based discrimination and harassment, violated the law under La. R.S. 23:301, et seq.  Defendant's retaliation/reprisal against Petitioner, including threatening her job, retaliatory harassment, issuing her false reprimands, removing significant and material job duties, altering Petitioner's work schedule to unfavorable hours, falsely accusing her of poor work performance and making sexual

4


Certified True and
Correct Copy
CertID: 2021061800482

Lafayette Parish
Deputy Clerk of Court

Generated Date:
8/18/2021 12:37 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

advances on another employee, posting an opening for her job position, suspending her, and firing her, were in violation of La R.S. 23:967, for which Petitioner sues defendant for herein.

13.

On October 22, 2020, Petitioner timely filed Charge(s) of Discrimination with the EEOC and LCHR. Petitioner has not yet received her Notice of Right to Sue and, accordingly, reserves her right to supplement this Petition and add her claim(s) under federal law upon receipt of her Notice of Right to Sue.

14.

As a result of the situation sued upon herein, Petitioner sustained damages which include, but are not limited to, past and future lost wages and benefits, loss of job, severe emotional distress, mental anguish, embarrassment, humiliation, psychological damages, medical expenses, and all such other damages as will be more fully shown at trial of this matter and for which Petitioner sues for herein.

15.

Petitioner seeks and is entitled to attorney fees pursuant to La. R.S. 23:967.

16.

Petitioner seeks and is entitled to all such other relief afforded to her at law and in equity, including an award of litigation expenses and all costs of these proceedings.

17.

Petitioner is entitled to and desires a trial by jury.

WHEREFORE, Petitioner, Jena Johns, prays for trial by jury, and after due proceedings are had there be Judgment herein in her favor and against defendant, Coil Tubing Partners, LLC, for all sums as are reasonable under the premises, attorney fees, all costs of these proceedings, legal interest thereon from the date of judicial demand until paid, and all such other relief to which Petitioner is entitled at law or in equity.

5


Certified True and
Correct Copy
CertID: 2021081800482

Lafayette Parish
Deputy Clerk of Court

Generated Date:
8/18/2021 12:37 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Respectfully submitted,

By: _W. Brell  al_

Jill L. Craft, T.A., Bar Roll #20922
W. Brett Conrad, Jr., Bar Roll #37639
Kaitlin A. Wall, Bar Roll #39462
Jill L. Craft, Attorney at Law, LLC
329 Saint Ferdinand Street
Baton Rouge, Louisiana  70802
(225) 663-2612

**PLEASE SERVE:**

Coil Tubing Partners, LLC
Through its registered agent for service:
Henry C. Perret, Jr.
1301 Camella Blvd., Suite 400
Lafayette, Louisiana 70508

6



Certified True and
Correct Copy
CertID: 2021081800482

Lafayette Parish
Deputy Clerk of Court

Generated Date:
8/18/2021 12:37 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Lafayette Parish
Filed Aug 18, 2021 9:14 AM
Simone Vaughan
Deputy Clerk of Court

C-20214330-D

# 15th JUDICIAL DISTRICT COURT
## LAFAYETTE, PARISH
## STATE OF LOUISIANA

NUMBER ___C-20214330___ DIVISION " _D_ "

**JENA JOHNS**

**VERSUS**

**COIL TUBING PARTNERS, LLC**

**************************************************************************
### VERIFICATION

STATE OF LOUISIANA
PARISH'S OF EAST BATON ROUGE

BEFORE ME, the undersigned Notary Public personally came and appeared:

**JENA JOHNS**

A resident of the full age of majority of Lafayette Parish, Louisiana, who upon being duly

sworn did depose and state that she is the Petitioner in the above and foregoing Petition, that she

has read same and all facts and alleges are true and correct.

_____
Jena Johns

SWORN TO AND SUBSCRIBED before me, Notary Public, this _17_ day of

_August_ , 2021.

_____
wBrett Conrad
La Bar Roll No: 37639

7


Certified True and
Correct Copy
CertID: 2021081800483

Lafayette Parish
Deputy Clerk of Court

Generated Date:
8/18/2021 12:37 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Lafayette Parish
Filed Sep 07, 2021 3:30 PM    C-20214330
Kireston Batiste                    D
Deputy Clerk of Court

| JENA JOHNS | * | 15TH JUDICIAL DISTRICT COURT |
| | * | |
| | * | PARISH OF LAFAYETTE |
| VERSUS | * | |
| | * | STATE OF LOUISIANA |
| | * | |
| COIL TUBING PARTNERS, LLC | * | DOCKET NO. C-2021-4300, DIV. "D" |

**************************************************************************

## DEFENDANT'S DEFENSES, ANSWER AND RECONVENTIONAL DEMAND

NOW INTO COURT, through undersigned counsel, comes Coil Tubing Partners, LLC ("Defendant" or "CTP") who, in response to the allegations of the Plaintiff's Petition ("Petition" or "Complaint") and subject to all defenses asserted herein and with full reservation of all rights, defenses, objections, exceptions and claims and with the reservation of the right to supplement or amend this pleading to assert additional defenses, exceptions and claims, states as follows:

### I. DEFENSES

#### First Defense

To the extent that Plaintiff seeks any relief or asserts any claims beyond the applicable statute of limitations or prescriptive period, Defendant asserts the defense and exception of prescription. Moreover, such claims are barred by prescription. Moreover, Plaintiff has failed to state a claim upon which relief may be granted and has failed to state a cause of action as a matter of law. Moreover, Defendant asserts the defenses of estoppel and waiver.

#### Second Defense

To the extent that Plaintiff has failed to fully exhaust administrative remedies as related to the claims asserted, the party named as a Defendant, the relief asserted and the factual allegations asserted or to the extent that Plaintiff is asserting any claims in this lawsuit or is making any allegations which were not properly raised or submitted in any applicable administrative proceedings or administrative prerequisites, Defendant asserts the defense and exception of prematurity, as well as the defense and exception of failure to exhaust administrative remedies. Additionally, Defendant asserts that Plaintiff failed to comply with the requirements and prerequisites under La. R.S. 23:303. As such, Defendant asserts the defense and exception of prematurity and failure to exhaust administrative remedies. Moreover, Defendant asserts the affirmative defenses of estoppel and waiver. Moreover, Defendant asserts the defenses and exception of prescription and no cause of action.

#### Third Defense

Defendant asserts the affirmative defenses of estoppel, waiver, failure to mitigate damage

1

and comparative fault of Plaintiff resulting from the actions, inactions or omissions of Plaintiff, as well as Plaintiff's own conduct and/or misconduct in connection with her employment. Moreover, Defendant exercised reasonable care to prevent or address, in general or as alleged, discrimination, harassment or retaliation in the workplace and Plaintiff did not take reasonable steps or, alternatively, did not exhaust internal remedies or, alternatively, did not take advantage of preventative or corrective opportunities to address the alleged acts or to otherwise avoid harm. Defendant also asserts the defense of comparative fault and immunity from liability.

### Fourth Defense

Defendant asserts that it did not know or could not have reasonably known of the alleged acts or omissions asserted by Plaintiff. Alternatively, Defendant asserts that it took prompt, appropriate, remedial or responsive action in response to any alleged acts, omissions or complaints. Moreover, Plaintiff failed to avail herself of Defendant's policies and procedures for addressing workplace complaints and grievances such that the Plaintiff failed to reasonably act. As such, Defendant asserts it is not liable for the claims asserted and Defendant is entitled to affirmative defenses or immunity to such liability.

### Fifth Defense

Defendant asserts the defense of Plaintiff's failure to state a claim upon which relief may be granted and the exception of no cause of action based, in whole or in part, on Plaintiff's allegations or, alternatively, lack of allegations by Plaintiff in her Petition and as a matter of law. Defendant asserts that it is not liable or responsible for any alleged actions or alleged damages caused by others or by the Plaintiff herself and, further, Defendant is not liable for any alleged acts of persons occurring outside the course and scope of employment.

### Sixth Defense

Defendant asserts that it is not liable or responsible for the claims asserted by Plaintiff or for any of the relief asserted by Plaintiff.

### Seventh Defense

Defendant hereby asserts any and all statutory defenses provided by applicable law, including, but in no way limited to, La. R.S. 23:301, et seq. and La. R.S. 23:967, and Defendant demands strict proof of all elements of any claims asserted and of the burden of proof required by applicable law and any and all such statutory defenses, elements and proof are incorporated herein by reference as if copied in extensio as affirmative defenses. Moreover, Defendant asserts the

defense and exception of Plaintiff's failure to state a cognizable claim for relief and no cause of action as a matter of law.

#### Eighth Defense

Defendant asserts the defense of bad faith on the part of the Plaintiff and Plaintiff's failure to reasonably act in connection with her employment and her separation of employment and in the assertion of her claims.

#### Ninth Defense

Defendant submits that it is entitled to recover any and all attorney's fees, costs and expenses incurred in defense of this action pursuant to applicable law, including, but in no way limited to, La. R.S. 23:303(B) and La. R.S. 23:967(D).  Defendant hereby makes demand for such relief and hereby prays for such relief.

#### Tenth Defense

Defendant reserves the right to supplement any and all defenses asserted herein or to raise additional defenses or to amend or supplement this pleading.  Defendant further reserves the right to assert additional claims in the course of litigation.

### II. ANSWER

AND NOW, subject to the above objections, defenses and exceptions and with full reservation and assertion thereof and without any waiver thereof, Defendant further responds to the Plaintiff's Petition as follows:

1.

In response to the allegations of paragraph 1 of the Plaintiff's Petition, said allegations are denied.  Defendant does admit that it is a Louisiana limited liability company whose principal place of business is in Lafayette, Louisiana.

2.

In response to the allegations of paragraph 2 of the Plaintiff's Petition, said allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the part of the Defendant.  Defendant also denies the allegations as written. Defendant does admit that Plaintiff was previously employed with Defendant.

3.

In response to the allegations of paragraph 3 of the Plaintiff's Petition, said allegations are denied, as written.

4.

In response to the allegations of paragraph 4 of the Plaintiff's Petition, said allegations are denied.

5.

In response to the allegations of paragraph 5 of the Plaintiff's Petition, said allegations (including subparts a through f) are denied.

6.

In response to the allegations of paragraph 6 of the Plaintiff's Petition, said allegations are denied.

7.

In response to the allegations of paragraph 7 of the Plaintiff's Petition, said allegations are denied.

8.

In response to the allegations of paragraph 8 of the Plaintiff's Petition, said allegations are denied.

9.

In response to the allegations of paragraph 9 of the Plaintiff's Petition, said allegations are denied.

10.

In response to the allegations of paragraph 10 of the Plaintiff's Petition, said allegations are denied.

11.

In response to the allegations of paragraph 11 of the Plaintiff's Petition, said allegations are denied.

12.

In response to the allegations of paragraph 12 of the Plaintiff's Petition, said allegations are denied.

13.

In response to the allegations of paragraph 13 of the Plaintiff's Petition, said allegations are denied.

14.

In response to the allegations of paragraph 14 of the Plaintiff's Petition, said allegations are denied.

15.

In response to the allegations of paragraph 15 of the Plaintiff's Petition, said allegations are denied.

16.

In response to the allegations of paragraph 16 of the Plaintiff's Petition, said allegations are denied.

17.

In response to the allegations of paragraph 17 of the Plaintiff's Petition, said allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the part of the Defendant. Defendant also objects to a trial by jury on any issues or claims for which a trial by jury is not afforded. Defendant reserves the right to file a motion to strike.

18.

To the extent that any of the allegations of Plaintiff's Petition have not been answered herein, said allegations are denied. In addition, Defendant denies the Plaintiff's prayer for relief and any allegations contained in the introduction of the Petition.

### III. RECONVENTIONAL DEMAND

CTP, as Plaintiff in Reconvention, hereby asserts the following claims and seeks the following relief against Jena Johns as Defendant in Reconvention:

1.

Made Defendant-in-Reconvention herein is Jena Johns (hereinafter "Johns"), a Caucasian female and former employee of CTP residing and domiciled in Lafayette Parish, Louisiana.

2.

On December 17, 2020, Johns signed and submitted a Charge of Discrimination naming CTP as the respondent, hereinafter the "First Charge."

3.

In the First Charge, Johns asserts that she was discriminated against on the basis of her race and sex and retaliated against due to allegedly having engaged in protected activity. The alleged

protected activity consisted of Johns' alleged communication of an alleged remark purportedly made by a member of management about another employee or employees, not Johns.

4.

The allegations in the First Charge are unsubstantiated, untrue and do not constitute an actionable discrimination or retaliation claim. Among other reasons, Johns did not make a complaint and/or engage in any opposition regarding the alleged remark, and her supposed conduct did not otherwise constitute protected activity.

5.

On January 25, 2021, Johns submitted a second Charge of Discrimination naming CTP as the respondent, hereinafter the "Second Charge." In the Second Charge, Johns asserted that she was retaliated against for making the First Charge.

6.

The allegations in the Second Charge are unsubstantiated and untrue and do not constitute an actionable retaliation claim. Among other reasons, the incidents alleged in the Second Charge do not constitute unlawful discrimination or retaliation as a matter of fact and law. Moreover, Johns' separation of employment from CTP was not pretextual and was premised upon legitimate, nondiscriminatory and nonretaliatory reasons.

7.

On August 18, 2021, Johns filed the Petition in the above-entitled action. In the Petition, Johns makes allegations against CTP and members of its management that are unsubstantiated, untrue and without legal and factual support. Johns also makes allegations that are irrelevant and immaterial to the purported claims asserted in the First Charge, Second Charge and Petition. Furthermore, John makes allegations that are not only without factual and legal support, but are also wholly unrelated to her purported claim. Moreover, the allegations are designed to be inflammatory and to harm the reputation of others without any justification.

8.

The allegations referenced above include, but are not limited to, the allegations made in Paragraph 4 and in Paragraph 5 of the Petition. Paragraphs 4 and 5 of the Petition include multiple

allegations by Johns of alleged statements and "admissions" by CTP which are unsubstantiated and untrue, inflammatory in nature, and irrelevant and immaterial to the claims asserted.

9.

In this regard, the allegations in Paragraph 4 and 5 of the Petition purport to relate to things allegedly said and/or done relative to another employee or employees of CTP, not Johns, which were allegedly "witnessed" by Johns. Paragraphs 4 and 5 do not contain allegations of any discrimination, harassment or retaliation against Johns herself.  Moreover, Johns did not make a complaint or engage in any opposition regarding the thing she allegedly witnessed and did not otherwise engaged in protected activity.

10.

Furthermore, none of the allegations in Paragraph 5 in particular are included in either the First Charge or the Second Charge, both of which are still pending. The EEOC has not issued Right-to-Sue letters on either the First or Second Charge.

11.

The inflammatory nature of the allegations in Paragraphs 4 and 5, coupled with their lack of legal support, evidentiary support, and relevance in this matter, unequivocally establish that these allegations were interposed for improper purposes and/or in bad faith giving rise to several causes of action in favor of CTP including, without limitation, the following.

**COUNT ONE – SANCTIONS UNDER LA. CODE CIV. PROCEDURE ARTICLE 863**

12.

CTP reiterates and incorporates by reference all of the foregoing allegations of this Reconventional Demand.

13.

Based upon the foregoing allegations of this Reconventional Demand, CTP is entitled to an award of attorney's fees and expenses, and any other appropriate forms of relief, under La. Code Civ. Proc., art. 863.

14.

Johns is responsible and liable to CTP for violations of La. Code Civ. Proc., art. 863 which requires that the attorney or litigant make an objectively reasonable inquiry prior to signing a pleading. In this matter, Johns signed a Verification of the Petition, under oath, which is attached to the Petition.

15.

As such, Johns has verified the Petition and its allegations, which are without legal, factual and evidentiary support and are asserted and interposed for improper purposes.

16.

La. Code Civ. Proc., art. 863, provides in pertinent part that:

[T]he signature of an attorney or party shall constitute a certification by him that he has read the pleading, and that to the best of his knowledge, information, and belief formed after reasonable inquiry, he certifies all of the following:

(1) The pleading is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

(2) Each claim, defense, or other legal assertion in the pleading is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law.

(3) Each allegation or other factual assertion in the pleading has evidentiary support or, for a specifically identified allegation or factual assertion, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery....

D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney' fees...

17.

Under La. Code Civ. Proc., art. 863, Johns is responsible and liable to CTP for CTP's attorney's fees and expenses, and any other appropriate sanctions and relief, as the Petition, and the subject allegations therein, have been asserted and interposed for improper purposes including, without limitation, harassment of CTP, embarrassment of CTP, damaging the reputation of CPT, entangling CTP in litigation, retaliating against CTP or increasing the cost of litigation.

8

18.

Furthermore, under La. Code Civ. Proc., art. 863, Johns is responsible and liable to CTP for CTP's attorney's fees and expenses, and any other appropriate sanctions and relief, as the subject allegations of the Petition are not warranted under the law and are without factual or evidentiary support.

19.

In addition to an award of attorney's fees and expenses, entitled under La. Code Civ. Proc., art. 863, CTP is entitled to have the subject allegations in Paragraphs 4 and 5 of the Petition stricken from the pleading.

**COUNT TWO – DAMAGES, ATTORNEY'S FEES AND COSTS UNDER THE LOUISIANA EMPLOYMENT DISCRIMINATION LAW ("LEDL")**

20.

CTP reiterates and incorporates by reference all of the foregoing allegations of this Reconventional Demand.

21.

Based upon the foregoing allegations of this Reconventional Demand, CTP is entitled to an award of damages, attorney's fees, and court costs under La. R.S. 23:303(B) of the LEDL, which provides that:

> A plaintiff found by a court to have brought a frivolous claim under this Chapter shall be held liable to the defendant for reasonable damages incurred as a result of the claim, reasonable attorney fees, and court costs.

22.

In the Petition, Johns purports to assert a claim under the LEDL, La. R.S. 23:301, *et seq*. For all of the reasons shown hereinabove, Johns' purported LEDL claim is without factual and legal support and is asserted and interposed for improper purposes.

23.

As such, Johns is responsible and liable to CTP under La. R.S. 23:303(B) for bringing a frivolous claim against CTP under the LEDL.

9

24.

Accordingly, CTP is entitled to an award for the damages, attorney's fees and courts cost CTP has incurred as a result.

### COUNT THREE –ATTORNEY'S FEES AND COSTS UNDER LOUISIANA WHISTLEBLOWER LAW

25.

CTP reiterates and incorporates by reference all of the foregoing allegations of this Reconventional Demand.

26

Based upon the foregoing allegations of this Reconventional Demand, CTP is entitled to an award of attorney's fees and costs under La. R.S. 23:967(d), which provides that:

> If suit or complaint is brought in bad faith or if it should be determined by a court that the employer's act or practice was not in violation of the law, the employer may be entitled to reasonable attorney fees and court costs from the employee.

27.

Johns purports to assert a claim under the Louisiana Whistleblower Law, La. R.S. 23:967, *et seq*. For all of the reasons shown hereinabove, Johns' purported whistleblower claim is without factual or legal support and is asserted and interposed in bad faith and for improper purposes.

28.

In addition, there is no legal, factual or evidentiary support for any alleged claim that CTP committed an act or employed a practice that was in violation of the law, and Johns fails to state a claim, and has no cause of action, under La. R.S. 23:967.

29.

Johns is responsible and liable to CTP under La. R.S. 23:967(B) for bringing a suit in bad faith and/or wherein the alleged act or practice is not in violation of the law. As a result, CTP is entitled to an award for the attorney's fees and courts cost it has incurred as a result.

WHEREFORE, premises considered, Coil Tubing Partners, LLC prays that its defenses and exceptions be sustained and that all claims asserted by Plaintiff and all relief asserted by Plaintiff be denied and that her lawsuit and all claims asserted by her be dismissed with prejudice at her cost. Coil Tubing Partners, LLC further prays that its Reconventional Demand be granted

and that Jena Johns be held liable for all claims, relief and damages asserted or incurred by Coil

Tubing Partners, LLC and that Jena Johns be cast in judgment for same. Coil Tubing Partners,

LLC further prays that it be awarded all attorney's fees, court costs and expenses incurred by it in

the subject legal proceedings and that Jena Johns be cast in judgment for same and be held liable

for sanctions as prayed for in the Reconventional Demand. Coil Tubing Partners, LLC further

prays that the allegations of the Petition made subject of the Reconventional Demand be stricken

from the pleading. Coil Tubing Partners, LLC further prays for an award of interest on any and all

damages awarded, as well as on any and all attorney's fees, court costs and expenses incurred. Coil

Tubing Partners, LLC further prays for any and all other just, legal and equitable relief.

> Respectfully submitted,
>
> BABINEAUX, POCHÉ, ANTHONY
> & SLAVICH, L.L.C.

BY: _____

> JOEL P. BABINEAUX, LA #21455
> E-mail: jbabineaux@bpasfirm.com
> KAREN T. BORDELON, LA #20114
> E-mail: kbordelon@bpasfirm.com
> SARAH B. DUPONT, LA #35048
> E-mail: sdupont@bpasfirm.com
> P.O. Box 52169
> Lafayette, LA 70505-2169
> Phone: (337) 984-2505
> Fax: (337) 984-2503
> ATTORNEYS FOR COIL TUBING PARTNERS,
> LLC

**Please Serve:**
Jena Johns,
Through her counsel of record,
W. Brett Conrad, Jr.
Jill L. Craft, Attorney at Law, LLC
329 Saint Ferdinand Street
Baton Rouge, LA  70802

## CERTIFICATE

I hereby certify that a copy of the above and foregoing has this date been served upon all counsel of record in this proceeding by:

(   )   Hand Delivery      ( ✓ )   Prepaid U.S. Mail
(   )   Facsimile          (   )   Federal Express
(   )   Certified Mail      ( ✗ )   E-mail

Lafayette, Louisiana, this _7TH_ day of _September_, 2021.

_____
ATTORNEY

| JENA JOHNS | * | 15TH JUDICIAL DISTRICT COURT |
| | * | |
| | * | PARISH OF LAFAYETTE |
| VERSUS | * | |
| | * | STATE OF LOUISIANA |
| | * | |
| COIL TUBING PARTNERS, LLC | * | DOCKET NO. C-2021-4300, DIV. "D" |

************************************************************************

## REQUEST FOR NOTICE OF DATE OF TRIAL, HEARINGS, ORDERS AND PLEADINGS

TO THE CLERK OF COURT of the 15th Judicial District Court for the Parish of Lafayette,

State of Louisiana:

PLEASE TAKE NOTICE that Joel P. Babineaux, Karen T. Bordelon and Sarah Dupont

of the law firm of Babineaux, Poché, Anthony & Slavich, L.L.C., attorneys for Coil Tubing

Partners, LLC, do hereby request written notice of the date of trial of the above matter as well as

notice of hearings (whether on merits or otherwise), orders, judgments and interlocutory decrees,

and any and all formal steps taken by the parties herein, the Judge or any member of Court, as

provided in Louisiana Code of Civil Procedure, particularly Articles 1572, 1913 and 1914.

Respectfully submitted,

BABINEAUX, POCHÉ, ANTHONY
& SLAVICH, L.L.C.

BY:

JOEL P. BABINEAUX, LA #21455
E-mail: jbabineaux@bpasfirm.com
KAREN T. BORDELON, LA #20114
E-mail: kbordelon@bpasfirm.com
SARAH B. DUPONT, LA #35048
E-mail: sdupont@bpasfirm.com
P.O. Box 52169
Lafayette, LA 70505-2169
Phone: (337) 984-2505
Fax: (337) 984-2503
ATTORNEYS FOR COIL TUBING PARTNERS,
LLC

**Please Serve:**
Jena Johns,
Through her counsel of record,
W. Brett Conrad, Jr.
Jill L. Craft, Attorney at Law, LLC
329 Saint Ferdinand Street
Baton Rouge, LA  70802

## CERTIFICATE

I hereby certify that a copy of the above and foregoing has this date been served upon all counsel of record in this proceeding by:

(   )   Hand Delivery       ( x )   Prepaid U.S. Mail
(   )   Facsimile            (   )   Federal Express
(   )   Certified Mail        ( x )   E-mail

Lafayette, Louisiana, this ___7th___ day of ___September___, 2021.

ATTORNEY

Lafayette Parish
Filed Sep 20, 2021 9:56 AM
Martina Reaux
Deputy Clerk of Court
FAX Received Sep 17, 2021

C-20214330
D

15th JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE
STATE OF LOUISIANA

NUMBER: 2021-4300                    DIVISION "D"

JENNA JOHNS

VERSUS

COIL TUBING PARTNERS, LLC
*************************************************
PEREMPTORY EXCEPTIONS OF NO RIGHT AND NO CAUSE OF ACTION

NOW INTO COURT, through undersigned counsel, comes plaintiff/defendant-in-reconvention, Jenna Johns, who seeks an Order dismissing, with prejudice, defendant/plaintiff-in-reconvention, Coil Tubing Partners, LLC's Reconventional Demand, at its sole costs and expense, for the following reasons, to-wit:

1.

On August 18, 2021, plaintiff filed her Petition against defendant for reprisal under La. R.S. 23:967 and reserved her right to supplement with her claim for retaliation under Title VII upon receipt of her Notice of Right to Sue. Ms. Johns did not allege a claim for discrimination or harassment under the Louisiana Employment Discrimination Laws ("LEDL"), La. R.S. 23:301, *et seq.*

2.

On September 7, 2021 defendant filed an Answer and Reconventional Demand, asserting as separate claims/causes of action against Mr. Johns, sanctions under La. C.C.P. Article 863, damages, attorney fees, and costs under La. R.S. 23:303, and attorney fees and costs under La. R.S. 23:967.

3.

Defendant has no right or cause of action against Ms. Johns. Ms. Johns did not assert any claims against defendant under the LEDL, La. R.S. 23:301, *et seq.* Therefore, Coil Tubing cannot avail itself of any potential penalties under La. R.S. 23:303(B).

4.

Louisiana does not have a "loser pay" rule. Defendant cannot recover and is not entitled to attorney fees or costs absent a statutory or contractual provision otherwise. La. C.C.P. Article 863 does not afford defendant an independent cause of action for sanctions, which cannot be awarded without first a contradictory/evidentiary hearing and a determination by the Court that

1

Certified True and
Correct Copy
CertID: 2021092000420

Katy Melancon

Lafayette Parish
Deputy Clerk of Court

Generated Date:
9/20/2021 2:51 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

La. C.C.P. Article 863(B) was violated.

5.

Further, defendant cannot allege a cause of action for attorney fees and costs under the Louisiana Whistleblower Statute ("LWS"), La. R.S. 23:967. Plaintiff's reprisal claim remains viable and pending and the Court has not made a determination, after a contradictory/evidentiary hearing, that plaintiff's claim was alleged in "bad faith" or that defendant did not violate the law.

WHEREFORE, plaintiff/defendant-in-reconvention, Jenna Johns, prays that after due proceedings are had, that this Court grant her Peremptory Exceptions of No Right and No Cause of Action, dismissing the Reconventional Demand, with prejudice, at defendant/plaintiff-in-reconvention's sole costs and expense, and awarding her all such other relief she is entitled to at law and in equity.

RESPECTFULLY SUBMITTED,

By: _____
Jill L. Craft, T.A., Bar Roll No. 20922
W. Brett Conrad, Jr., Bar Roll No. 37639
Kaitlin A. Wall, Bar Roll No. 39462
Jill L. Craft, Attorney at Law, LLC
329 St. Ferdinand Street
Baton Rouge, LA 70802
Telephone: (225) 663-2612

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Peremptory Exceptions of No Right and No Cause of Action was served upon counsel of record for all parties hereto via email and/or First Class United States Mail, properly addressed with sufficient postage affixed thereto, on this _____ day of September 2021.

Baton Rouge, Louisiana, this ____ day of September, 2021.

2



Certified True and
Correct Copy
CertID: 2021092000420

Katy Melancon

Lafayette Parish
Deputy Clerk of Court

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Lafayette Parish
Filed Sep 20, 2021 9:58 AM
Martina Reaux
Deputy Clerk of Court
FAX Received Sep 17, 2021

C-2021-4330
D

15th JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE
STATE OF LOUISIANA

NUMBER: 2021-4300                    DIVISION "D"

JENNA JOHNS

VERSUS

COIL TUBING PARTNERS, LLC
**********************************************************
MEMORANDUM IN SUPPORT OF PEREMPTORY EXCEPTIONS OF NO RIGHT
AND NO CAUSE OF ACTION

MAY IT PLEASE THE COURT:

I.      FACTS

        On August 18, 2021, plaintiff filed her Petition against defendant for reprisal under La.

R.S. 23:967 and reserved her right to supplement with her claim for retaliation under Title VII

upon receipt of her Notice of Right to Sue.[1]  Ms. Johns did not allege a claim for discrimination or

harassment under the Louisiana Employment Discrimination Laws ("LEDL"), La. R.S. 23:301, *et*

*seq.*

        On September 7, 2021 defendant filed an Answer and Reconventional Demand, asserting

as separate claims/causes of action against Mr. Johns, sanctions under La. C.C.P. Article 863,

damages, attorney fees, and costs under La. R.S. 23:303, and attorney fees and costs under La.

R.S. 23:967.

        Defendant has no right or cause of action against Ms. Johns.  As Ms. Johns did not assert

any claims against defendant under the LEDL, La. R.S. 23:301, *et seq.*  Therefore, Coil Tubing

cannot avail itself of any potential penalties under La. R.S. 23:303(B).

        Louisiana does not have a "loser pay" rule.  Defendant cannot recover and is not entitled

to attorney fees or costs absent a statutory or contractual provision otherwise.  La. C.C.P. Article

863 does not afford defendant an independent cause of action for sanctions, which cannot be

awarded without first a contradictory/evidentiary hearing and a determination by the Court that

La. C.C.P. Article 863(B) was violated.

        Further, defendant cannot allege a cause of action for attorney fees and costs under the

Louisiana Whistleblower Statute ("LWS"), La. R.S. 23:967.  Plaintiff's reprisal claim remains

viable and pending and the Court has not made a determination, after a contradictory/evidentiary

---

[1] Under Title VII, Ms. Johns timely filed Charge(s) of Discrimination with the EEOC and LCHR, but has not received
her Notice of Right to Sue from the EEOC giving her permission to pursue her Title VII claims.

4

Certified True and
Correct Copy
CertID: 20210920000422

Katy Melancon

Lafayette Parish
Deputy Clerk of Court

Generated Date:
9/20/2021 2:51 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

hearing, that plaintiff's claim was alleged in "bad faith" or that defendant did not violate the law.

## II.    LAW & ARGUMENT

### A. Legal Standard

Under either an Exception of No Right and/or No Cause of Action, the Court should dismiss the pleading if the objection raised through the Exception cannot be removed.[2]   The function of an Exception of No Right of Action is to test whether the plaintiff has a real and actual interest in the action.[3]  In doing so, the Court considers whether the plaintiff belongs to a particular class of persons whom the law grants a cause of action.

The function of an Exception of No Cause of Action is to test the legal sufficiency of the claim to determine whether the law affords a remedy on the facts alleged in the pleading.[4]  The Court should grant the Exception where the plaintiff cannot prove a set of facts in support of a claim entitling him to relief.  Legal conclusions asserted are not considered well-pled factual allegations.   As the objection is tried solely on the face of the pleading, no evidence may be introduced to support or controvert the exception of no cause of action.

### B. LEDL (La. R.S. 23:301, *et seq.*)

**Ms. Johns did not sue Coil Tubing under La. R.S. 23:301, *et seq.*** Although under La. R.S. 23:303(B), a defendant may seek damages, reasonable attorney fees, and costs, such penalties may only be cast against a plaintiff who alleges a "frivolous" claim under La. R.S. 23:301, *et. seq.* However, here, Ms. Johns does not allege and did not file any claim against the defendant under the LEDL (La. R.S. 23:301, *et seq.*).  Ms. John's only claim against Coil Tubing is for reprisal under La. R.S. 23:967.[5]  Defendant's assertion that Ms. Johns "assert[s] a claim under the LEDL" is completely false and contrary to the clear allegations of her Petition.[6]  As a result, defendant does not and cannot maintain a right or cause of action against Ms. Johns under La. R.S. 23:303(B), as alleged as "Count 2" in Paragraphs 20-24 of its Reconventional Demand.

### C. Sanctions under La. C.C.P. Article 863

Every pleading signed by an attorney is subject La. C.C.P. Article 863(B), which provides:

> B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading, and that to the best

---

[2] La. C.C.P. Article 923; La. C.C.P. Article 934.
[3] *See Darby v. Vallere*, 20-190 (La. App. 3 Cir. 12/23/20), 311 So.2d 466, 473.
[4] La. C.C.P. Article 934; *See Levier v. Trahan*, 20-232 (La. App. 3 Cir. 12/9/20), 309 So.3d 779, 782-783.
[5] In addition to reserving her right to assert her Title VII retaliation claim upon receipt of her Notice of Right to Sue.
[6] *See* ¶¶12-16 of the Petition (alleging Ms. Johns reported and opposed defendant's violations of the state law, La. R.S. 23:301, *et seq.*, and suffered reprisal as a result under La. R.S. 23:967.).

· 5


**Certified True and
Correct Copy**
CertID: 2021092000422

*Katy Melancon*

Lafayette Parish
Deputy Clerk of Court

Generated Date:
9/20/2021 2:51 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

of his knowledge, information, and belief formed after reasonable inquiry, he certifies all of the following:

> (1) The pleading is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.
>
> (2) Each claim, defense, or other legal assertion in the pleading is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law.
>
> (3) Each allegation or other factual assertion in the pleading has evidentiary support or, for a specifically identified allegation or factual assertion, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.
>
> (4) Each denial in the pleading of a factual assertion is warranted by the evidence or, for a specifically identified denial, is reasonably based on a lack of information or belief.

The penalty for a violation of Subsection (B), imposed only in extraordinary circumstances, is set forth under Subsection (D) and modeled after Fed.R.Civ.P. Rule 11:

> If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney fees.

**However, this does not create an independent cause of action for any party.** Instead, the imposition of sanctions under Subsection (D) is a function reversed solely for the Court as a "remedial tool" after a contradictory/evidentiary hearing and an opportunity for all parties to present argument and evidence.[7] Coil Tubing has absolutely no legal or factual standing to allege a claim against Ms. Johns for sanctions under La. C.C.P. Article 863. Its claim, as set forth as "Count 1" in Paragraphs 12-19, is barred by law.

In *Montalvo v. Sondes*, 637 So.2d 127 (La. 5/23/94), an attorney, who was sued by his former client for malpractice, filed a Reconventional Demand against his former client's new attorneys claiming that the malpractice suit was "frivolous", in bad faith", and in violation of La. C.C.P. Article 863. The Louisiana Supreme Court held that the former attorney had no cause of action against the new attorneys for sanctions:

> For the same reasons, Sondes' allegation that Bickford and Matthew's suit was filed in contravention of La. C.C.P. Article 863 is a mere conclusion unsupported by fact. **Moreover, federal courts interpreting Federal Rule of Civil Procedure Rule 11, which is the source of art. 863 (which provides sanctions for improper pleadings), have concluded that it does not create a private cause of action, but is rather a remedial tool available to the court.[8]**
>
> (emphasis added)

Since *Montavalo*, Courts have repeatedly affirmed that no cause of action exists for

---

[7] *See La. State Univ. Sys. Bd. of Supervisors v. Johnson*, 20-272 (La. App. 3 Cir. 4/7/21), 318 So.3d 292, 300.
[8] *Montalvo v. Sondes*, 637 So.2d 127, 131, f.n. 6 (La. 5/23/94).

6

Certified True and
Correct Copy
CertID: 2021092000422



Lafayette Parish
Deputy Clerk of Court

Generated Date:
9/20/2021 2:51 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

sanctions under La. C.C.P. Article 863 and, specifically, in the Third Circuit.[9] In *Snavely v. Ace Pain Mgmt., LLC*, 17-237 (La. App. 3 Cir. 12/13/17), 258 So.3d 37, the Court addressed the question of whether a motion for sanctions under La. C.C.P. Article 863 was subject to a prescriptive period, and confirmed that La. C.C.P. Article 863 "'does not create a private cause of action'" for any party.[10] Recently, in *La. State Univ. Sys. Bd. of Supervisors v. Johnson*, 20-272 (La. App. 3 Cir. 4/7/21), 318 So.3d 292, 300, the Court again confirmed that there exists no independent cause of action under La. C.C.P. Article 863.[11] In accord with *Montavalo* and its progenies, Coil Tubing lacks any independent right or cause of action for sanctions against Ms. Johns under La. C.C.P. Article 863.

Not only is defendant's claim for sanctions baseless, but there are no allegations in the Petition which could even warrant such sanctions. For instance, defendant alleges, in Paragraph 9 and 10 of the Reconventional Demand, that it should be awarded sanctions because it did not discriminate or harass Ms. Johns. However, this is completely irrelevant for purposes of her reprisal claim under La. R.S. 23:967. Pursuant to Subsection (A):

> An employer shall not take reprisal against an employee who in good faith, and after advising the employer of the violation of law:
> (1) Discloses or threatens to disclose a workplace act or practice that is in violation of state law.
> (2) Provides information to or testifies before any public body conducting an investigation, hearing, or inquiry into any violation of law.
> (3) Objects to or refuses to participate in an employment act or practice that is in violation of law.

La. R.S. 23:967 provides whistleblower protection to an employee who reports, opposes, and/or complains about any violation of state law by her employer, including race and gender/sex-based discrimination and harassment under La. R.S. 23:301, *et seq.* An employee may avail himself/herself of protection from reprisal even if, as in this case, the employer's discrimination and harassment is against a co-worker. The relevant inquiry is whether her employer violated Louisiana law – not who the employer discriminated against and/or harassed.

Here, Ms. Johns alleges in Paragraphs 4-7 of her Petition that she suffered reprisal as a result of reporting and opposing discrimination/harassment against her co-worker, Layla Bolden.

[9] Courts in the First and Second Circuit have also held that there is no private cause of action under La. C.C.P. Article 863. *See Tate v. Johnson*, 2019-CA-1541 (La. App. 1 Cir. 12/2/20), 316 So.2d 502, 507 (holding La. C.C.P. Article 863 does not provide a "private direct cause of action against an opposing party's attorney for damages or any other remedy"); *Alpine Meadows, L.C. v. Winkler*, (La. App. 2 Cir. 12/10/14), 154 So.3d 747, 767-777.
[10] *Snavely v. Ace Pain Mgmt., LLC*, 17-237 (La. App. 3 Cir. 12/13/17), 258 So.3d 37, 40-41.
[11] Although the Court upheld the trial court's award of sanctions under La. C.C.P. Article 863, it did only after a contradictory hearing where the parties allowed to submit argument and evidence.





Certified True and Correct Copy
CertID: 2021092000422

Katy Melanson
Lafayette Parish
Deputy Clerk of Court

Generated Date: 9/20/2021 2:51 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

This is precisely what La. R.S. 23:967 protects against.  Defendant's conclusory allegations otherwise should be rejected and are not representative of the law.

### D.  LWS (La. R.S. 23:967)

Simply put, there is no "loser pay" rule in Louisiana.  As a result, a prevailing defendant cannot allege a cause of action against a losing plaintiff for attorney fees and costs.  In *Quealy v. Paine, Webber, Jackson, & Curtis, Inc.*, 475 So.2d 756, 763 (La. 1985), each party is responsible for its own attorney fees and costs unless a specific statute or provision provides otherwise.[12]  As a matter of law, attorney fee provisions are **"penal [in] nature", strictly construed, and not favored.**[13] (emphasis added)  Although under La. R.S. 23:967(D), a reprisal defendant **"may"** (not shall) be awarded "reasonable attorney fees" and "court costs", the Court must first **"determine" that a claim brought under La. R.S. 23:967 was "in bad faith" or an "employer's act or practice was not in violation of the law".**  (emphasis added)

La. R.S. 23:967 does not afford Coil Tubing an independent claim for attorney fees and costs against Ms. Johns.  As plainly set forth at La. R.S. 23:967(D), before any penalties could even be awarded, all essential elements of Subsection (D) must be met.  This includes a dismissal, with prejudice, of Ms. Johns' reprisal claim and an express determination by the Court, after a contradictory/evidentiary hearing, that her reprisal claim was alleged in bad faith.  The fact that no such dismissal, hearing, or determination has occurred renders Coil Tubing without an action for penalties under La. R.S. 23:967(D).

In *Hale v. Touro Infirmary*, 2004-CA-0003 (La. App. 4 Cir. 11/3/04), 886 So.2d 1210, 1215, and *Accardo v. Louisiana Health Servs. & Indem. Co.*, 2005 CW 2377 (La. App. 1 Cir. 6/21/06), 943 So.2d 381, 385-386, the Louisiana Fourth and First Circuit Courts of Appeal conducted an exhaustive analysis of La. R.S. 23:967 and confirmed that no penalties under Subsection (D) can even be awarded unless all necessary elements are met.  In *Cheshire v. Air Methods Corp.*, 2016 U.S. Dist. LEXIS 151340 *1 (W. D. La. 11/1/16), the Court denied a motion for penalties under La. R.S. 23:967(D) after the plaintiff's reprisal claim was dismissed on summary judgment.  Unlike here, where Ms. Johns' claim remains viable and pending, the *Cheshire* Court held that there was insufficient evidence of bad faith and no determination that the

---

[12] *See also Gordon v. Hurlston*, 03-0112 (La. App. 3 Cir. 9/10/03), 854 So.2d 469, 473-474.
[13] *See Ferrier v. Jordache-Ditto's*, 94-1317 (La. App. 3 Cir. 5/17/95), 662 So.2d 14, 20; *Gagnard v. Venture Mktg. Corp.*, 93-1655 (La. App. 3 Cir. 10/5/94), 643 So.2d 460, 463; *Monceaux v. Tosco Mktg. Co.*, 01-1019 (La. App. 3 Cir. 12/12/01), 801 So.2d 614, 616.


Certified True and
Correct Copy
CertID: 2021092000422

*Katy Melancon*

Lafayette Parish
Deputy Clerk of Court

Generated Date:
9/20/2021 2:51 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

defendant did not violate the law (the claim was dismissed on the basis of pretext)[14] after considering the parties' briefs and evidentiary support in connection with the defendant's motion.[15]

As there has been no determination that Ms. Johns' claims are dismissed or in bad faith, Coil Tubing has no cause or right of action for penalties under La. R.S. 23:967(D). Similar to the requirements set forth in La. C.C.P. Article 863, Ms. Johns' claim(s) against defendant are not dismissed and thus, cannot be brought in bad faith. The law precludes defendant from putting the cart before the horse, as it attempts to do here.

Defendant's failure to properly allege a request for penalties under La. R.S. 23:967(D) is fatal. Pursuant to La. C.C.P. Article 1005, all affirmative defenses must be alleged in an Answer or they are permanently waived.[16] Penalties under La. R.S. 23:967(D) are an affirmative defense and not an independent cause of action. Thus, defendant is barred from seeking attorney fees and costs under La. R.S. 23:967(D) because it has not been alleged in its Answer.

## III.   CONCLUSION

Coil Tubing has no cause or right of action against Ms. Johns. It cannot allege a claim under La. R.S. 23:303 because Ms. Johns did not file any claim under La. R.S. 23:301, *et seq.* in her Petition. Further, there exists no independent cause of action for penalties or sanctions under La. C.C.P. Article 863 or La. R.S. 23:967(D). Ms. Johns' reprisal claim remains viable and has not been dismissed, nor has she been "found" to have been in bad faith. Plaintiff's Peremptory Exceptions should be granted and defendant's Reconventional Demand dismissed, with prejudice, at its sole cost and expense.

RESPECTFULLY SUBMITTED,

By: _____
Jill L. Craft, T.A., Bar Roll No. 20922
W. Brett Conrad, Jr., Bar Roll No. 37639
Kaitlin A. Wall, Bar Roll No. 39462
Jill L. Craft, Attorney at Law, LLC
329 St. Ferdinand Street
Baton Rouge, LA 70816
Telephone: (225) 663-2612

---

[14] *Cheshire v. Air Methods Corp.*, 2016 U.S. Dist. LEXIS 68861 *1, *28-29 (W.D. La. 5/25/16).
[15] *Cheshire*, 2016 U.S. Dist. LEXIS 151340 at 3-4.
[16] The sole, limited exception is in the case of "mistaken[] designat[ion]". However, no such mistake occurred here, as defendant intentionally and incorrectly filed a Reconventional Demand against Ms. Johns for attorney fees and costs under La. R.S. 23:967 although it knew the law precluded it from doing so.

9


Certified True and
Correct Copy
CertID: 2021092000422


Katy McLarion
Lafayette Parish
Deputy Clerk of Court

Generated Date:
9/20/2021 2:51 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Lafayette Parish
Filed Sep 20, 2021 9:56 AM
'Martina Beaux
Deputy Clerk of Court
FAX Received Sep 17, 2021

C-20214330
D

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Memorandum in Support of Peremptory Exceptions of No Right and No Cause of Action was served upon counsel of record for all parties hereto via email and/or First Class United States Mail, properly addressed with sufficient postage affixed thereto, on this _____ day of _____, 2021.

Baton Rouge, Louisiana, this _____ day of _____, 2021.

10



Certified True and
Correct Copy
CertID: 2021092000423

Katy Melancon

Lafayette Parish
Deputy Clerk of Court

Generated Date:
9/20/2021 2:51 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Lafayette Parish
Filed Sep 20, 2021 9:56 AM
Martina Reaux
Deputy Clerk of Court
FAX Received Sep 17, 2021

C-20214330
D

15th JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE
STATE OF LOUISIANA

NUMBER: 2021-4300          DIVISION "D"

JENNA JOHNS

VERSUS

COIL TUBING PARTNERS, LLC
********************************************************

ORDER

Upon consideration of the above and foregoing Peremptory Exceptions of No Right and

No Cause of Action, the record of these proceedings, and the law;

**IT IS HEREBY ORDERED** that Defendant/Plaintiff-In-Reconvention, Coil Tubing

Partners, LLC, appear and show cause on **18** day of _____ **OCT** _____, 2021 at

**9:00** o'clock **a** m., why Plaintiff/Defendant-in-Reconvention, Jenna Johns' Peremptory

Exceptions of No Right and No Cause of Action should not be granted.

**DONE AND SIGNED** in Chambers this _____ day of _____, 2021 at

Lafayette, Louisiana.        SIGNED IN LAFAYETTE, LOUISIANA ON 9/20/2021.

JUDGE 15th JUDICIAL DISTRICT COURT

ANDRE DOGUET, COMMISSIONER
15TH JUDICIAL DISTRICT COURT

**PLEASE SERVE:**

Coil Tubing Partners, LLC,
Through its counsel of record:
Joel Babineaux
Babineaux, Poche, Anthony, & Slavich, LLC
1201 Camellia Blvd., Suite 300
Lafayette, Louisiana 70508

**PLEASE NOTICE:**

Jill L. Craft
Jill L. Craft, Attorney at Law, LLC
329 St. Ferdinand Street
Baton Rouge, LA 70802

3



Katy Melançon



Certified True and
Correct Copy
CertID: 2021092000421

Lafayette Parish
Deputy Clerk of Court

Generated Date:
9/20/2021 2:51 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

LAFPC.CV.63243695

# NOTICE OF HEARING DATE OF SUIT

TO:   JOEL P BABINEAUX
      P O BOX 52169
      LAFAYETTE, LA 70505

JENA JOHNS                          15TH JUDICIAL DISTRICT COURT

                                    DOCKET NUMBER: C-20214330 D
VS
                                    BEFORE JUDGE ROYALE L COLBERT

COIL TUBING PARTNERS LLC            PARISH OF LAFAYETTE, LOUISIANA

        The above numbered and entitled case in which you are attorney for plaintiff/defendant has been set for
hearing in the Lafayette Parish Courthouse, Lafayette, Louisiana, for **FEBRUARY 14, 2022**, at the hour of
**09:00 AM**.

## RULE/MOTION:

**RESET:** PEREMPTORY EXCEPTIONS OF NO RIGHT AND NO CAUSE OF ACTION - FILED ON
        BEHALF OF JENA JOHNS

Lafayette, Louisiana, this October 8, 2021.

                                                        Deputy Clerk of Court
                                                        Lafayette Parish

cc:  JILL L. CRAFT

Order Date: 10/08/2021
Filed Date: 8/18/2021

        **\*\*For more information on the 15th Judicial District Court, please go to www.15thjdc.org\*\***
If you require an interpreter for court visit https://15thjdc.org/uploads/requestformrevisedMar2011.pdf.

**NOTE: When making an offering "IN GLOBO", it is the ATTORNEY'S/PRO SE' LITIGANT'S
responsibility to make sure all evidence is attached thereto and/or has already been filed and made part
of the OFFICIAL record and titled correctly.**

NOTICE TO ALL ATTORNEYS WHO HAVE RULES FIXED BEFORE THE

15ᵀᴴ JUDICIAL DISTRICT COURT JUDGES

**Rule 9.9 Memoranda Supporting or Opposing Exceptions and Motions**

(a) This Rule does not apply to juvenile and family law proceedings. Due to the expedited nature of family law proceedings, time delays shall be at the discretion of the court.

(b) When a party files an exception or motion, that party shall concurrently furnish the trial judge and serve on all other parties a supporting memorandum that cites both the relevant facts and applicable law. The memorandum for motions and exceptions, other than motions for summary judgment, shall be served on all other parties so that it is received by the other parties at least fifteen calendar days before the hearing, unless the court sets a shorter time. The delays for motions for summary judgment filings are set forth in La. Code Civ. Proc. art. 966.

(c) A party who opposes an exception or motion shall concurrently furnish the trial judge and serve on all other parties an opposition memorandum so it is received at least eight calendar days before the scheduled hearing, except for motions for summary judgment, which delays are established by La. Code Civ. Proc. art. 966.

(d) The mover or exceptor may furnish the trial judge a reply memorandum, but only if the reply memorandum is furnished to the trial judge and served on all other parties so that it is received before 4:00 p.m. on a day that allows one full working day before the hearing, except for motions for summary judgment, which delays are established by La. Code Civ. Proc. art. 966. For example, if the hearing is set for Friday, the reply memorandum shall be received no later than 4:00 p.m. the preceding Wednesday. If the hearing is set for Monday, the reply memorandum shall be received no later than 4:00 p.m. the preceding Thursday.

(e) Parties who fail to comply with paragraphs (b) and (c) of this Rule may forfeit the privilege of oral argument. If a party fails to timely serve a memorandum, thus necessitating a continuance to give the opposing side a fair chance to respond, the court may order the late filing party to pay the opposing side's costs incurred on account of the untimeliness.

(f) Any party may, but need not, file a copy of the memorandum with the clerk of court. See Rule 9.4 and Appendix 9.4 to determine whether a particular judicial district requires that memoranda be filed with the clerk of court or sent directly to the presiding judge.

(g) Paragraphs (b) (d) do not apply to the following motions:

   (1) A motion for an extension of time to perform an act.

   (2) A motion to continue a pre-trial conference, hearing, motion, or trial of an action.

   (3) A motion to add or substitute parties.

   (4) A motion to amend pleadings or to file supplemental pleadings.

   (5) A motion to appoint a guardian, curator, or tutor.

   (6) A motion to intervene.

   (7) A motion to withdraw or substitute counsel of record (but any such motion shall comply with Rule 9.13).

   (8) A motion to consolidate.

   (9) Any unopposed motion or joint motion.

   (10) A motion for the court to give in writing its findings of fact and reasons for judgment under La. Code Civ. Proc. art. 1917.

   (11) A motion to compel a response to discovery when no response has been made.

   (12) Any motions allowed to be granted ex parte under La. Code Civ. Proc. art. 963.

Any motion listed in (l) through (12) shall state the grounds in support, cite any applicable rule, statute, or other authority justifying the relief sought, and comply with Rule 9.8 to the extent applicable.

*Adopted April 1, 2002, effective April-1, 2002; amended June 2, 2003, effective July 1, 2003; amended October 29, 2003, effective January 4, 2004; amended November 20, 2009, effective January 1, 2010; amended April 20, 2010, effective June 1, 2010; amended April 29, 2014, effective June 1, 2014; amended May 28, 2015, effective July 1, 2015; amended October 7, 2015, effective January 1, 2016.*

**Comment**

(a) The Louisiana Code of Civil Procedure takes precedence over the District Court Rules. *See* Comment (a) to Rule 1.0. See also House Bill No. 696 of the Louisiana Legislature's 2015 Regular Session, which will alter the deadlines for filing requirements and delays for motions for summary judgment effective January 1,2016.

(b) *See* La. Code Civ. Proc. art 1313 regarding service of pleadings subsequent to the original petition.

LAFPC.CV.63160485

Requested by Atty.: CRAFT, JILL L

# RULE NISI

**JENA JOHNS**                    **15TH JUDICIAL DISTRICT COURT**

**VS**                              **DOCKET NUMBER: C-20214330 D**
                                **BEFORE JUDGE ROYALE L COLBERT**

**COIL TUBING PARTNERS LLC**        **PARISH OF LAFAYETTE, LOUISIANA**

TO:   **COIL TUBING PARTNERS, LLC,
      THROUGH ITS COUNSEL OF RECORD:
      JOEL BABINEAUX
      BABINEAUX, POCHE, ANTHONY, & SLAVICH, LLC
      1201 CAMELLIA BLVD., SUITE 300
      LAFAYETTE, LA 70508**

      **BY VIRTUE OF** an order from the Honorable Court, 15TH JUDICIAL DISTRICT COURT in and for the Parish of Lafayette, State of Louisiana of date 09/20/2021, you are hereby ordered to appear in Open Court on **OCTOBER 18, 2021**, at **09:00 AM**, in order to show cause why you should not comply with the attached order.

      **WITNESS THE HONORABLE** Judges of the said Court, at Lafayette Parish, Louisiana, this SEPTEMBER 20, 2021.

*Katy Melanson*

Deputy Clerk of Court
Lafayette Parish

**\*Attached are the following documents:**
**PEREMPTORY EXCEPTIONS OF NO RIGHT AND NO CAUSE OF ACTION, ORDER, AND MEMORANDUM IN SUPPORT**

SHERIFF'S RETURN
LAFAYETTE PARISH SHERIFF

DATE SERVED: _____, 20_____ TIME: _____
SERVED:
PERSONAL ( )
DOMICILIARY ( ) ON _____
UNABLE TO LOCATE       MOVED ( )       NO SUCH ADDRESS ( )
OTHER REASON: _____
RECEIVED TOO LATE FOR SERVICE ( )
SERVICE OF WITHIN PAPERS
COSTS FEE $_____  MILEAGE $_____  TOTAL $_____
DEPUTY _____

**Children under 12 are not allowed in Court unless they are parties, witnesses or part of an educational group. Please dress appropriately. Cellular phones and beepers must be on silent or off. Camera Phones are NOT allowed in the courthouse.**

**If you require an interpreter for court visit https://15thjdc.org/uploads/requestformrevisedMar2011.pdf.**

Lafayette Parish
Filed Oct 06, 2021 12:57 PM      C-20214330
Martina Reaux                        D
Deputy Clerk of Court

| JENA JOHNS | * | 15TH JUDICIAL DISTRICT COURT |
|---|---|---|
| | * | |
| | * | |
| VERSUS | * | PARISH OF LAFAYETTE |
| | * | |
| | * | STATE OF LOUISIANA |
| | * | |
| COIL TUBING PARTNERS, LLC | * | DOCKET NO. C-2021-4330, DIV. "D" |

**********************************************************************

### UNOPPOSED MOTION TO CONTINUE
### EXCEPTION HEARING

NOW INTO COURT, through undersigned counsel, comes Coil Tubing Partners, LLC ("CTP"), who submits this Unopposed Motion to Continue Exception Hearing and who, with respect, submit as follows:

1.

Plaintiff filed the above-captioned lawsuit on or about August 18, 2021. In response, CTP filed responsive pleadings on September 7, 2021 which included a Reconventional Demand.

2.

On September 17, 2021, Plaintiff filed an Exception of No Right and No Cause of Action. A hearing was set on October 20, 2021. Due to scheduling issues, CTP requests that the hearing be continued and that it be reset for February 14, 2022. This date was selected based on this Honorable Court's available civil motion dates and the current availability of all counsel.

3.

Undersigned counsel has conferred with counsel for Plaintiff, who does not oppose the granting of this Motion, who agrees to the continuance and resetting of the hearing to February 14, 2022.

4.

Based on the foregoing, good cause exists for the granting of this Motion.

WHEREFORE, premises considered, Coil Tubing Partners, LLC prays that this Motion be granted and that the current exception hearing set for October 20, 2021 be continued and reset for February 14, 2022.

1

Respectfully submitted,

BABINEAUX, POCHÉ, ANTHONY
  & SLAVICH, L.L.C.

BY: _____

JOEL P. BABINEAUX, LA #21455
E-mail: jbabineaux@bpasfirm.com
KAREN T. BORDELON, LA #20114
E-mail: kbordelon@bpasfirm.com
P.O. Box 52169
Lafayette, LA 70505-2169
Phone: (337) 984-2505; Fax: (337) 984-2503
**COUNSEL FOR COIL TUBING PARTNERS,
LLC**

CERTIFICATE

    I hereby certify that a copy of the above and foregoing has this date been served upon all counsel of record in this proceeding by:

( )  Hand Delivery        (X)  Prepaid U.S. Mail
( )  Facsimile           ( )  Federal Express
( )  Certified Mail        (X)  E-mail

Lafayette, Louisiana, this 6$^{7th}$ day of _O ctober_, 2021.

_____
ATTORNEY

| JENA JOHNS | * | 15TH JUDICIAL DISTRICT COURT |
|---|---|---|
| | * | |
| | * | PARISH OF LAFAYETTE |
| VERSUS | * | |
| | * | STATE OF LOUISIANA |
| | * | |
| COIL TUBING PARTNERS, LLC | * | DOCKET NO. C-2021-4330, DIV. "D" |

*****************************************************************************

## ORDER AND RULE TO SHOW CAUSE

CONSIDERING the Unopposed Motion to Continue Exception Hearing and finding there good cause for the granting of same:

IT IS HEREBY ORDERED that the current hearing on Plaintiff's Exceptions set for October 20, 2021 be and is hereby continued and is reset for February 14, 2022.

IT IS FURTHER ORDERED that the Defendant, Coil Tubing Partners, LLC, show cause on the 14th day of February, 2022 at _____ a.m. why Plaintiff's Exceptions should not be granted.

THUS DONE AND SIGNED on this _____ day of _____, 2021 in _____, Louisiana.

_____
DISTRICT JUDGE
15th Judicial District Court

LAFPC.CV.63243695

# NOTICE OF HEARING DATE OF SUIT

TO:   **JOEL P BABINEAUX**
      **P O BOX 52169**
      **LAFAYETTE, LA 70505**

| | |
|---|---|
| **JENA JOHNS** | **15TH JUDICIAL DISTRICT COURT** |
| | **DOCKET NUMBER: C-20214330 D** |
| **VS** | |
| | **BEFORE JUDGE ROYALE L COLBERT** |
| **COIL TUBING PARTNERS LLC** | **PARISH OF LAFAYETTE, LOUISIANA** |

The above numbered and entitled case in which you are attorney for plaintiff/defendant has been set for hearing in the Lafayette Parish Courthouse, Lafayette, Louisiana, for **FEBRUARY 14, 2022**, at the hour of **09:00 AM**.

**RULE/MOTION:**

**RESET:** PEREMPTORY EXCEPTIONS OF NO RIGHT AND NO CAUSE OF ACTION - FILED ON BEHALF OF JENA JOHNS

Lafayette, Louisiana, this October 8, 2021.

Deputy Clerk of Court
Lafayette Parish

cc: JILL L. CRAFT

Order Date: 10/08/2021
Filed Date:  8/18/2021

\*\*For more information on the 15th Judicial District Court, please go to www.15thjdc.org\*\*
If you require an interpreter for court visit https://15thjdc.org/uploads/requestformrevisedMar2011.pdf.

**NOTE: When making an offering "IN GLOBO", it is the ATTORNEY'S/PRO SE' LITIGANT'S responsibility to make sure all evidence is attached thereto and/or has already been filed and made part of the OFFICIAL record and titled correctly.**

NOTICE TO ALL ATTORNEYS WHO HAVE RULES FIXED BEFORE THE

15ᵀᴴ JUDICIAL DISTRICT COURT JUDGES

**Rule 9.9 Memoranda Supporting or Opposing Exceptions and Motions**

(a) This Rule does not apply to juvenile and family law proceedings. Due to the expedited nature of family law proceedings, time delays shall be at the discretion of the court.

(b) When a party files an exception or motion, that party shall concurrently furnish the trial judge and serve on all other parties a supporting memorandum that cites both the relevant facts and applicable law. The memorandum for motions and exceptions, other than motions for summary judgment, shall be served on all other parties so that it is received by the other parties at least fifteen calendar days before the hearing, unless the court sets a shorter time. The delays for motions for summary judgment filings are set forth in La. Code Civ. Proc. art. 966.

(c) A party who opposes an exception or motion shall concurrently furnish the trial judge and serve on all other parties an opposition memorandum so it is received at least eight calendar days before the scheduled hearing, except for motions for summary judgment, which delays are established by La. Code Civ. Proc. art. 966.

(d) The mover or exceptor may furnish the trial judge a reply memorandum, but only if the reply memorandum is furnished to the trial judge and served on all other parties so that it is received before 4:00 p.m. on a day that allows one full working day before the hearing, except for motions for summary judgment, which delays are established by La. Code Civ. Proc. art. 966. For example, if the hearing is set for Friday, the reply memorandum shall be received no later than 4:00 p.m. the preceding Wednesday. If the hearing is set for Monday, the reply memorandum shall be received no later than 4:00 p.m. the preceding Thursday.

(e) Parties who fail to comply with paragraphs (b) and (c) of this Rule may forfeit the privilege of oral argument. If a party fails to timely serve a memorandum, thus necessitating a continuance to give the opposing side a fair chance to respond, the court may order the late filing party to pay the opposing side's costs incurred on account of the untimeliness.

(f) Any party may, but need not, file a copy of the memorandum with the clerk of court. See Rule 9.4 and Appendix 9.4 to determine whether a particular judicial district requires that memoranda be filed with the clerk of court or sent directly to the presiding judge.

(g) Paragraphs (b) (d) do not apply to the following motions:

    (1) A motion for an extension of time to perform an act.

    (2) A motion to continue a pre-trial conference, hearing, motion, or trial of an action.

    (3) A motion to add or substitute parties.

    (4) A motion to amend pleadings or to file supplemental pleadings.

    (5) A motion to appoint a guardian, curator, or tutor.

    (6) A motion to intervene.

    (7) A motion to withdraw or substitute counsel of record (but any such motion shall comply with Rule 9.13).

    (8) A motion to consolidate.

    (9) Any unopposed motion or joint motion.

    (10) A motion for the court to give in writing its findings of fact and reasons for judgment under La. Code Civ. Proc. art. 1917.

    (11) A motion to compel a response to discovery when no response has been made.

    (12) Any motions allowed to be granted ex parte under La. Code Civ. Proc. art. 963.

Any motion listed in (l) through (12) shall state the grounds in support, cite any applicable rule, statute, or other authority justifying the relief sought, and comply with Rule 9.8 to the extent applicable.

*Adopted April 1, 2002, effective April 1, 2002; amended June 2, 2003, effective July 1, 2003; amended October 29, 2003, effective January 4, 2004; amended November 20, 2009, effective January 1, 2010; amended April 29, 2010, effective June 1, 2010; amended April 29, 2014, effective June 1, 2014; amended May 28, 2015, effective July 1, 2015; amended October 7, 2015, effective January 1, 2016.*

**Comment**

(a) The Louisiana Code of Civil Procedure takes precedence over the District Court Rules. *See* Comment (a) to Rule 1.0. See also House Bill No. 696 of the Louisiana Legislature's 2015 Regular Session, which will alter the deadlines for filing requirements and delays for motions for summary judgment effective January 1, 2016.

(b) *See* La. Code Civ. Proc. art 1313 regarding service of pleadings subsequent to the original petition.

Lafayette Parish
Filed Jan 12, 2022 2:48 PM
Kireston Batiste
Deputy Clerk of Court

C-20214330
D

JENA JOHNS                                \*      15TH JUDICIAL DISTRICT COURT
                                         \*
VERSUS                                   \*      PARISH OF LAFAYETTE
                                         \*      STATE OF LOUISIANA
                                         \*
COIL TUBING PARTNERS, LLC          \*      DOCKET NO. C-2021-4330, DIV. "D"

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### DEFENDANT'S UNOPPOSED MOTION TO DISMISS RECONVENTIONAL DEMAND WITHOUT PREJUDICE AND FOR LEAVE OF COURT TO FILE AMENDED AND SUPPLEMENTAL DEFENSES AND ANSWER PLEADING

NOW INTO COURT, through undersigned counsel, comes Coil Tubing Partners, LLC ("Defendant"), who submits this Unopposed Motion to Dismiss Reconventional Demand Without Prejudice and for Leave of Court to File Amended and Supplemental Defenses and Answer Pleading and who, with respect, submits as follows:

1.

Plaintiff filed a Petition in the above-captioned lawsuit on or about August 18, 2021. In response, Defendant filed on September 7, 2021 it responsive pleading entitled Defendant's Defenses, Answer and Reconventional Demand.

2.

In its Reconventional Demand, Defendant asserts a claim for damages, attorney's fees and costs pursuant to La.R.S. 23:303, La.R.S. 23:967 and La.C.C.P. Art. 863.

3.

A similar lawsuit is also pending in the 15th Judicial District Court filed by another former employee of Defendant and who is represented by counsel for Plaintiff in the above-captioned lawsuit. That case is under Docket No. C-2021-4817.

4.

Defendant, in response to the Petition filed in the case bearing Docket No. C-2021-4817, filed, with its responsive pleading, a Reconventional Demand seeking relief under La.R.S. 23:303, La.R.S. 23:967 and La.C.C.P. Art. 863. In response, Plaintiff filed Exceptions of No Right of Action and No Cause of Action.

5.

A hearing was conducted on the Exceptions in the case docketed under Docket No. C-2021-4817 on December 6, 2021. In that case, the Honorable Laurie Hulin granted the Exceptions and dismissed the Reconventional Demand, without prejudice, with the right of the Defendant to file an amended and/or supplemental Defenses and Answer pleading to reassert its claims for fees

1



Certified True and
Correct Copy
CertID: 2022011300243

Lafayette Parish
Deputy Clerk of Court

Generated Date:
1/13/2022 11:13 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

and costs pursuant to La.R.S. 23:303 and La.R.S. 23: 967 by way of a demand and request as part of the Answer in lieu of being asserted by way of reconventional demand.

6.

As a result and in order to provide for consistency between the above-captioned lawsuit and the lawsuit under Docket No. C-2021-4817, Defendant hereby seeks to dismiss its Reconventional Demand without prejudice. Defendant also seeks leave of court to file an amended and/or supplemental Defenses and Answer pleading asserting its claim for damages, attorney's fees and costs pursuant to La.R.S. 23:303 and La.R.S. 23:967 by way of a demand or request in its Defenses and Answer in lieu of the assertion of same by way of reconventional demand.

7.

Defendant seeks dismissal of its Reconventional Demand without prejudice. At all times, Defendant reserves the right to pursue its claim for damages, attorney's fees and costs and Defendant expressly seeks such relief.

8.

Defendant submits herewith its Amended and Supplemental Defenses and Answer pleading.

9.

Undersigned counsel has conferred with counsel for Plaintiff, who does not oppose this Motion.

WHEREFORE, premises considered, Defendant prays that this Motion be granted and that the claims asserted in its Reconventional Demand be dismissed, without prejudice, and that it be granted leave of court to file an amended and/or supplemental Defenses and Answer pleading.

Respectfully submitted,

BABINEAUX, POCHÉ, ANTHONY & SLAVICH, L.L.C.

BY: _____

JOEL P. BABINEAUX, LA #21455
E-mail: jbabineaux@bpasfirm.com
KAREN T. BORDELON, LA #20114
E-mail: kbordelon@bpasfirm.com
P.O. Box 52169
Lafayette, LA 70505-2169
Phone: (337) 984-2505; Fax: (337) 984-2503
**COUNSEL FOR COIL TUBING PARTNERS, LLC**

2


**Certified True and Correct Copy**
CertID: 2022011300243

ﾏdeBlanc
Lafayette Parish
Deputy Clerk of Court

Generated Date:
1/13/2022 11:13 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

<u>CERTIFICATE</u>

I hereby certify that a copy of the above and foregoing has this date been served upon all counsel of record in this proceeding by:

( )   Hand Delivery          ( )   Prepaid U.S. Mail
( )   Facsimile              ( )   Federal Express
( )   Certified Mail         (X)   E-mail

Lafayette, Louisiana, this ___ day of _____, 2022.

_____
ATTORNEY

3

| JENA JOHNS | * | 15TH JUDICIAL DISTRICT COURT |
| | * | |
| | * | PARISH OF LAFAYETTE |
| VERSUS | * | |
| | * | STATE OF LOUISIANA |
| | * | |
| COIL TUBING PARTNERS, LLC | * | DOCKET NO. C-2021-4330, DIV. "D" |

***************************************************************************

## ORDER

CONSIDERING the Defendant's Unopposed Motion to Dismiss Reconventional Demand Without Prejudice and for Leave of Court to File Amended and Supplemental Defenses and Answer Pleading and finding there good cause for the granting of same:

IT IS HEREBY ORDERED that Defendant's Unopposed Motion to Dismiss Reconventional Demand Without Prejudice and for Leave of Court to File Amended and Supplemental Defenses and Answer Pleading be and is hereby granted.

IT IS FURTHER ORDERED that the claims asserted by Defendant in its Reconventional Demand be and are hereby dismissed without prejudice.

IT IS FURTHER ORDERED that Defendant is hereby granted leave of court to file an amended and/or supplemental Defenses and Answer.

IT IS FURTHER ORDERED that the Clerk of Court shall file into the civil record of the above-captioned lawsuit Defendant's Amended and Supplemental Defenses and Answer Pleading.

THUS DONE AND SIGNED on this _____ day of _____, 2022 in _____, Louisiana.

_____
HONORABLE ROYALE L. COLBERT
DISTRICT JUDGE
15TH JUDICIAL DISTRICT COURT

| JENA JOHNS | * | 15TH JUDICIAL DISTRICT COURT |
| | * | |
| | * | PARISH OF LAFAYETTE |
| VERSUS | * | |
| | * | STATE OF LOUISIANA |
| | * | |
| COIL TUBING PARTNERS, LLC | * | DOCKET NO. C-2021-4330, DIV. "D" |

**************************************************************************

## ORDER

CONSIDERING the Defendant's Unopposed Motion to Dismiss Reconventional Demand Without Prejudice and for Leave of Court to File Amended and Supplemental Defenses and Answer Pleading and finding there good cause for the granting of same:

IT IS HEREBY ORDERED that Defendant's Unopposed Motion to Dismiss Reconventional Demand Without Prejudice and for Leave of Court to File Amended and Supplemental Defenses and Answer Pleading be and is hereby granted.

IT IS FURTHER ORDERED that the claims asserted by Defendant in its Reconventional Demand be and are hereby dismissed without prejudice.

IT IS FURTHER ORDERED that Defendant is hereby granted leave of court to file an amended and/or supplemental Defenses and Answer.

IT IS FURTHER ORDERED that the Clerk of Court shall file into the civil record of the above-captioned lawsuit Defendant's Amended and Supplemental Defenses and Answer Pleading.

THUS DONE AND SIGNED on this _____ day of _____, 2022 in _____, Louisiana.


_Royal L Colbert_

HONORABLE ROYALE L. COLBERT
DISTRICT JUDGE
15TH JUDICIAL DISTRICT COURT
Royale L Colbert
SIGNED ON 1/13/2022


STATE OF LOUISIANA PARISH OF LAFAYETTE

I HEREBY CERTIFY THAT A CERTIFIED COPY
OF THIS ORDER HAS BEEN
MAILED/SERVED ON ALL PARTIES THIS
January 13, 2022

_DdEBlanc_

DEPUTY CLERK OF COURT

**CC: JOEL P. BABINEAUX**
**JILL L. CRAFT**


Certified True and
Correct Copy
CertID: 2022011300243


Lafayette Parish
Deputy Clerk of Court

Generated Date:
1/13/2022 11:13 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

| JENA JOHNS | * | 15TH JUDICIAL DISTRICT COURT |
| | * | |
| | * | PARISH OF LAFAYETTE |
| VERSUS | * | |
| | * | STATE OF LOUISIANA |
| | * | |
| COIL TUBING PARTNERS, LLC | * | DOCKET NO. C-2021-4330, DIV. "D" |

********************************************************************

## DEFENDANT'S AMENDED AND SUPPLEMENTAL DEFENSES AND ANSWER

NOW INTO COURT, through undersigned counsel, comes Coil Tubing Partners, LLC ("Defendant" or "CTP") who, in accordance with his Honorable Court's Order, submits this Amended and Supplemental Defenses and Answer pleading in response to the Plaintiff's Petition ("Petition" or "Complaint") and who, subject to all defenses asserted herein, as well as all defenses asserted in Defendant's original Defenses, Answer and Reconventional Demand pleading, as well as the responses set forth therein and with full reservation of all right, defenses, objections, exceptions and claims, including the right to seek or move for an award of attorney's fees, costs and expenses, as well as the right to supplement and amend this pleading to assert additional defenses, exceptions and claims, states as follows:

## I. DEFENSES

### First Defense

To the extent that Plaintiff seeks any relief or asserts any claims beyond the applicable statute of limitations or prescriptive period, Defendant asserts the defense and exception of prescription. Moreover, such claims are barred by prescription. Moreover, Plaintiff has failed to state a claim upon which relief may be granted and has failed to state a cause of action as a matter of law. Moreover, Defendant asserts the defenses of estoppel and waiver.

### Second Defense

To the extent that Plaintiff has failed to fully exhaust administrative remedies as related to the claims asserted, the party named as a Defendant, the relief asserted and the factual allegations asserted or to the extent that Plaintiff is asserting any claims in this lawsuit or is making any allegations which were not properly raised or submitted in any applicable administrative proceedings or administrative prerequisites, Defendant asserts the defense and exception of prematurity, as well as the defense and exception of failure to exhaust administrative remedies. Additionally, Defendant asserts that Plaintiff failed to comply with the requirements and prerequisites under La. R.S. 23:303. As such, Defendant asserts the defense and exception of prematurity and failure to exhaust administrative remedies. Moreover, Defendant asserts the

1

affirmative defenses of estoppel and waiver. Moreover, Defendant asserts the defenses and exception of prescription and no cause of action.

**Third Defense**

Defendant asserts the affirmative defenses of estoppel, waiver, failure to mitigate damage and comparative fault of Plaintiff resulting from the actions, inactions or omissions of Plaintiff, as well as Plaintiff's own conduct and/or misconduct in connection with her employment. Moreover, Defendant exercised reasonable care to prevent or address, in general or as alleged, discrimination, harassment or retaliation in the workplace and Plaintiff did not take reasonable steps or, alternatively, did not exhaust internal remedies or, alternatively, did not take advantage of preventative or corrective opportunities to address the alleged acts or to otherwise avoid harm. Defendant also asserts the defense of comparative fault and immunity from liability.

**Fourth Defense**

Defendant asserts that it did not know or could not have reasonably known of the alleged acts or omissions asserted by Plaintiff. Alternatively, Defendant asserts that it took prompt, appropriate, remedial or responsive action in response to any alleged acts, omissions or complaints. Moreover, Plaintiff failed to avail herself of Defendant's policies and procedures for addressing workplace complaints and grievances such that the Plaintiff failed to reasonably act. As such, Defendant asserts it is not liable for the claims asserted and Defendant is entitled to affirmative defenses or immunity to such liability.

**Fifth Defense**

Defendant asserts the defense of Plaintiff's failure to state a claim upon which relief may be granted and the exception of no cause of action based, in whole or in part, on Plaintiff's allegations or, alternatively, lack of allegations by Plaintiff in her Petition and as a matter of law. Defendant asserts that it is not liable or responsible for any alleged actions or alleged damages caused by others or by the Plaintiff herself and, further, Defendant is not liable for any alleged acts of persons occurring outside the course and scope of employment.

**Sixth Defense**

Defendant asserts that it is not liable or responsible for the claims asserted by Plaintiff or for any of the relief asserted by Plaintiff.

**Seventh Defense**

Defendant hereby asserts any and all statutory defenses provided by applicable law,

including, but in no way limited to, La. R.S. 23:301, et seq. and La. R.S. 23:967, and Defendant demands strict proof of all elements of any claims asserted and of the burden of proof required by applicable law and any and all such statutory defenses, elements and proof are incorporated herein by reference as if copied in extensio as affirmative defenses. Moreover, Defendant asserts the defense and exception of Plaintiff's failure to state a cognizable claim for relief and no cause of action as a matter of law.

### Eighth Defense

Defendant asserts the defense of bad faith on the part of the Plaintiff and Plaintiff's failure to reasonably act in connection with her employment and her separation of employment and in the assertion of her claims.

### Ninth Defense

Defendant submits that it is entitled to recover any and all attorney's fees, costs, expenses and damages incurred in defense of this action pursuant to applicable law, including, but in no way limited to, La. R.S. 23:303(B) and La. R.S. 23:967(D). Defendant hereby makes demand for such relief and hereby prays for such relief.

### Tenth Defense

Defendant reserves the right to supplement any and all defenses asserted herein or to raise additional defenses or to amend or supplement this pleading. Defendant further reserves the right to assert additional claims in the course of litigation.

## II. ANSWER

AND NOW, subject to the above objections, defenses and exceptions, Defendant reasserts and reavers its responses to allegations of the Petition contained in its original Defenses, Answer and Reconventional Demand and, with full reservation and assertion of all the foregoing defenses, without any waiver thereof, Defendant further responds to the Plaintiff's Petition as follows:

1.

In response to the allegations of paragraph 1 of the Plaintiff's Petition, said allegations are denied. Defendant does admit that it is a Louisiana limited liability company whose principal place of business is in Lafayette, Louisiana.

2.

In response to the allegations of paragraph 2 of the Plaintiff's Petition, said allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the part of the Defendant.

Defendant also denies the allegations as written. Defendant does admit that Plaintiff was previously employed with Defendant.

3.

In response to the allegations of paragraph 3 of the Plaintiff's Petition, said allegations are denied, as written.

4.

In response to the allegations of paragraph 4 of the Plaintiff's Petition, said allegations are denied.

5.

In response to the allegations of paragraph 5 of the Plaintiff's Petition, said allegations (including subparts a through f) are denied.

6.

In response to the allegations of paragraph 6 of the Plaintiff's Petition, said allegations are denied.

7.

In response to the allegations of paragraph 7 of the Plaintiff's Petition, said allegations are denied.

8.

In response to the allegations of paragraph 8 of the Plaintiff's Petition, said allegations are denied.

9.

In response to the allegations of paragraph 9 of the Plaintiff's Petition, said allegations are denied.

10.

In response to the allegations of paragraph 10 of the Plaintiff's Petition, said allegations are denied.

11.

In response to the allegations of paragraph 11 of the Plaintiff's Petition, said allegations are denied.

12.

In response to the allegations of paragraph 12 of the Plaintiff's Petition, said allegations

are denied.

13.

In response to the allegations of paragraph 13 of the Plaintiff's Petition, said allegations are denied.

14.

In response to the allegations of paragraph 14 of the Plaintiff's Petition, said allegations are denied.

15.

In response to the allegations of paragraph 15 of the Plaintiff's Petition, said allegations are denied.

16.

In response to the allegations of paragraph 16 of the Plaintiff's Petition, said allegations are denied.

17.

In response to the allegations of paragraph 17 of the Plaintiff's Petition, said allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the part of the Defendant. Defendant also objects to a trial by jury on any issues or claims for which a trial by jury is not afforded. Defendant reserves the right to file a motion to strike.

18.

To the extent that any of the allegations of Plaintiff's Petition have not been answered herein, said allegations are denied. In addition, Defendant denies the Plaintiff's prayer for relief and any allegations contained in the introduction of the Petition.

### III. REQUEST FOR DAMAGES, ATTORNEY'S FEES, COSTS AND EXPENSES PURSUANT TO LA.R.S. 23:303(B) AND LA.R.S. 23:967(d)

Defendant hereby requests that it be awarded all damages, attorney's fees, costs and expenses incurred by Defendant pursuant to La.R.S. 23:303(B) and La.R.S. 23:967(d). Defendant asserts that Plaintiff's claims asserted under Louisiana's Employment Discrimination Law ("LEDL") and Louisiana's Whistleblower Law ("LWL") are without factual and legal support and have been asserted or imposed for improper purposes. Moreover, such claims are being pursued for improper purposes and/or bad faith or are, in whole or in part, frivolous and not well grounded in fact and law. Moreover, Defendant asserts that there is no factual, legal or evidentiary support for any alleged claim that Defendant committed an act or employment practice that was in violation

5

of state law.  As a result, Defendant asserts that it is entitled to recover and Plaintiff is obligated to

pay all damages, attorney's fees, court costs and expenses incurred by Defendant and demand is

hereby made for such damages, attorney's fees, costs and expenses.  Defendant also reserves the

right to file a motion for damages, attorney's fees, costs and expenses upon adjudication of the

Plaintiff's claims or at any other time directed or allowed by the Court.

WHEREFORE, premises considered, Coil Tubing Partners, LLC prays that its defenses

and exceptions be sustained and that all claims asserted by Plaintiff and all relief asserted by

Plaintiff be denied and that her lawsuit and all claims asserted by her be dismissed with prejudice

at her cost. Coil Tubing Partners, LLC further prays that Jena Johns be held liable for all damages,

attorney's fees, costs and expenses incurred by Coil Tubing Partners, LLC and that Jena Johns be

cast in judgment for same.  Coil Tubing Partners, LLC further prays for an award of interest on

any and all amounts awarded.  Coil Tubing Partners, LLC further prays for any and all other just,

legal and equitable relief.

Respectfully submitted,

BABINEAUX, POCHÉ, ANTHONY
& SLAVICH, L.L.C.

BY:

JOEL P. BABINEAUX, LA #21455
E-mail: jbabineaux@bpasfirm.com
KAREN T. BORDELON, LA #20114
E-mail: kbordelon@bpasfirm.com
SARAH B. DUPONT, LA #35048
E-mail: sdupont@bpasfirm.com
P.O. Box 52169
Lafayette, LA 70505-2169
Phone: (337) 984-2505
Fax: (337) 984-2503
ATTORNEYS FOR COIL TUBING PARTNERS,
LLC

**CERTIFICATE**

I hereby certify that a copy of the above and foregoing has this date been served upon all
counsel of record in this proceeding by:

( ) Hand Delivery            ( ) Prepaid U.S. Mail
( ) Facsimile               ( ) Federal Express
( ) Certified Mail          (✓) E-mail

Lafayette, Louisiana, this 27th day of January, 2022.

ATTORNEY

Lafayette Parish
Filed May 05, 2022 9:38 AM
Morgan Foreman
Deputy Clerk of Court
FAX Received May 03, 2022

C-20214330
D

**15ᵗʰ JUDICIAL DISTRICT COURT**
**PARISH OF LAFAYETTE**
**STATE OF LOUISIANA**

**NUMBER: 2021-4300**                 **DIVISION "D"**

**JENNA JOHNS**

**VERSUS**

**COIL TUBING PARTNERS, LLC**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**CONSENT MOTION FOR PROTECTIVE ORDER**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Jenna Johns, who respectfully moves, with consent of defendant, this Honorable Court for the entry of a Protective Order in the above captioned matter, for the following reasons, to-wit:

1.

The discovery phase of this proceeding has begun. Defendant has propounded requests for production of documents and may issue authorization requests to third parties which request production of plaintiff's medical and financial information. "Financial Information" includes Plaintiff's social security number, bank accounts/statements, invoices, receipts, federal and state tax returns, W-2, and wage information. "Medical information" includes Plaintiff's medical records and/or documentation. Information regarding personal matters is contained in those documents and constitute "Confidential Information." However, Plaintiff seeks to cooperate with discovery without further delay.

2.

Plaintiff desires protection, within the context of this litigation, from disclosure of confidential information to those outside of this litigation and others without the "need to know" with respect to the subject matter of this disclosure. Those persons are defined as Counsel, counsel's staff, the parties and/or representative of the defendants, the court, any experts employed by any party thereto, and any other persons to whom disclosure is necessary for purposes of this case.

3.

Plaintiff contacted Defendant regarding this motion for protective order and it is agreeable to same. Defendant has expressed that it reserves the right to seek its own protective order in connection with its discovery responses or document production.

1



Certified True and
Correct Copy
CertID: 2022050600049



Lafayette Parish
Deputy Clerk Of Court

Generated Date:
5/9/2022 9:31 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

4.

In connection with this motion, Plaintiff requests that any and all documents produced through discovery or subpoena which constitutes "Confidential Information" be identified as subject to the Protective Order and stamped "confidential" and shall be subject to the protective order and, if filed, shall be filed under seal.

5.

The parties agree that if additional information not described in Paragraph 1 is believed to be confidential, Plaintiff will file an amended protective order providing specific reasons as to why such information should be confidential and protected from disclosure to individuals outside of this litigation.

6.

Nothing contained herein shall prejudice the right of any party to apply for an order:

1. Compelling production of documents and other information,

2. Removing or otherwise modifying a designation of confidentiality,

3. Modifying the Order or any of its terms,

4. Enforcing any other discovery rights provoked by law,

5. Granting further protection regarding Confidential Information,

6. Seeking relief from this Protective Order, or

7. Seeking modification to or termination of this Protective Order.

WHEREFORE, plaintiff, Jenna Johns, requests that this Court grant the agreed Protective Order and that all information provided and/or documents produced in this matter referring to Plaintiff's medical and financial information shall be subject to the protective order.

Respectfully Submitted,

By: _____
Jill L. Craft, T.A., La. Bar Roll No. 20922
W. Brett Conrad, Jr., La. Bar Roll No. 37639
Jill L. Craft, Attorney at Law, LLC
329 St. Ferdinand Street
Baton Rouge, LA 70802
Telephone: (225) 663-2612
Fax: (225) 663-2613
Emails: jcraft@craftlaw.net
        bconrad@craftlaw.net

2



Certified True and Correct Copy
CertID: 2022050900049



Lafayette Parish
Deputy Clerk Of Court

Generated Date:
5/9/2022 9:31 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**15ᵗʰ JUDICIAL DISTRICT COURT**
**PARISH OF LAFAYETTE**
**STATE OF LOUISIANA**

**NUMBER: 2021-4300**　　　　　**DIVISION "D"**

**JENNA JOHNS**

**VERSUS**

**COIL TUBING PARTNERS, LLC**
**********************************************************
**ORDER**

The foregoing Consent Motion for Protective Order considered:

IT IS ORDERED that all information provided and/or documents produced in this matter referring to Plaintiff's medical and financial information that has been identified by Plaintiff as "Confidential Info" and stamped "Confidential" shall be subject to a protective order and such information shall be disclosed only to the following:

    a.    Parties of this action, counsel of record for such parties, including their associates, clerks, secretarial, and stenographic personnel;

    b.    Qualified persons taking testimony involving such information and necessary stenographic and clerical personnel thereof;

    c.    Experts retained by any party, as well as their staffs who must be consulted by counsel for any party hereto;

    d.    The Court and court personnel;

    e.    Witnesses who may be called by either party;

    f.    Any other persons to whom disclosure is necessary for purposes of this case.

IT IS FURTHER ORDERED that any information disclosed or documents produced per this protective order shall be filed under seal.

IT IS FURTHER ORDERED that any and all copies of documents produced per this protective order shall either be returned to the respective party upon request or destroyed upon request at the conclusion of this litigation.

DONE AND SIGNED at _____, Louisiana, this _____ day of _____, 2022.

_____
Honorable Royale L. Colbert
Judge, 15ᵗʰ Judicial District Court

**Royale L Colbert**
**SIGNED ON 5/6/2022**

STATE OF LOUISIANA PARISH OF LAFAYETTE

I HEREBY CERTIFY THAT A CERTIFIED COPY OF THIS ORDER HAS BEEN MAILED/SERVED ON ALL PARTIES THIS May 09, 2022

_____
DEPUTY CLERK OF COURT

CC: W. BRETT CONRAD, JR.
JOEL P. BABINEAUX

4

_____
Lafayette Parish
Deputy Clerk Of Court

Certified True and
Correct Copy
CertID: 2022050900049

Generated Date:
5/9/2022 9:31 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Lafayette Parish
Filed Jul 08, 2022 8:38 AM
Simone Vaughan
Deputy Clerk of Court

C-20214330
D

**15ᵗʰ JUDICIAL DISTRICT COURT**
**LAFAYETTE PARISH**
**STATE OF LOUISIANA**

**NUMBER 2021-4330  DIVISION "D"**

**JENA JOHNS**

**VERSUS**

**COIL TUBING PARTNERS, LLC**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>UNOPPOSED MOTION TO FILE FIRST SUPPLEMENTAL,</u>
<u>AMENDING, AND RESTATED PETITION</u>

NOW INTO COURT through undersigned counsel comes Petitioner, Jena Johns, who respectfully moves this Honorable Court for an Order permitting her to file the attached First Supplemental, Amending, and Restated Petition, for the following reasons, to-wit:

1.

On August 18, 2021, Petitioner filed her Petition.  At that time and as alleged in paragraph 13, she had not yet received her Notices of Right to Sue from the EEOC regarding her claims arising under Title VII.

2.

Ms. Johns received her Notices of Right to Sue dated June 30, 2022, and, accordingly, now seeks to add her claims arising under Federal law.

3.

Counsel for the defendant, Mr. Babineaux, advises he has no objection to the filing.

WHEREFORE, Petitioner, Jena Johns, prays after due proceedings are had that an Order issue herein permitting her to file the attached First Supplemental, Amending, and Restated Petition.

Respectfully submitted,

By: _____
Jill L. Craft, T.A., Bar Roll #20922
W. Brett Conrad, Jr., Bar Roll #37639
Jill L. Craft, Attorney at Law, LLC
329 Saint Ferdinand Street
Baton Rouge, Louisiana  70802
(225) 663-2612

15th JUDICIAL DISTRICT COURT
LAFAYETTE PARISH
STATE OF LOUISIANA

NUMBER 2021-4330  DIVISION "D"

JENA JOHNS

VERSUS

COIL TUBING PARTNERS, LLC
*************************************************************************
ORDER

Upon consideration of the above and foregoing Unopposed Motion to File First Supplemental, Amending, and Restated Petition, the record of these proceedings, and the law;

IT IS ORDERED that Petitioner's (attached) First Supplemental, Amending, and Restated Petition be and is hereby filed into the record of these proceedings.

Lafayette, Louisiana, this _____ day of _____, 2022.

SIGNED IN LAFAYETTE, LOUISIANA ON 7/8/2022.

_____
Judge, 15th Judicial District Court

ANDRE' DOUCET, COMMISSIONER
15TH JUDICIAL DISTRICT COURT

Lafayette Parish
Filed Jul 08, 2022 9:36 AM
Simone Vaughan
Deputy Clerk of Court

C-20214330
D

**15th JUDICIAL DISTRICT COURT**
**LAFAYETTE PARISH**
**STATE OF LOUISIANA**

**NUMBER 2021-4330  DIVISION "D"**

**JENA JOHNS**

**VERSUS**

**COIL TUBING PARTNERS, LLC**
*************************************************************************
<u>**FIRST SUPPLEMENTAL, AMENDING, AND RESTATED PETITION**</u>

The First Supplemental, Amending, and Restated Petition of Jena Johns, a resident of the full age of majority of Vermillion Parish, Louisiana, respectfully represents with her supplementations and amendments reflected herein in **bold**:

1.

Made defendant herein is Coil Tubing Partners LLC, (hereinafter CTP), a Louisiana Limited Liability Company domiciled and doing business in Lafayette Parish, Louisiana, which is justly and truly indebted unto Petitioner for all sums as are reasonable under the premises, **punitive damages as allowed by law**, attorney fees, all costs of these proceedings, legal interest thereon from the date of demand until paid, and all such other relief to which Petitioner is entitled at law or in equity.

2.

At all times pertinent hereto, defendant was Petitioner's "employer" within the meaning and intent of the law and employed greater than two hundred (100) employees, including Petitioner.  At all times pertinent hereto, Petitioner, was an "employee" of defendant within the meaning and intent of the law.

3.

At all times pertinent hereto, Jordan Perret, CEO, Carolyn Suire, Human Resource Director, Stacy Dardar, Financial Controller, and Jerry Ritter, CEO, were Petitioner's supervisors with immediate and successively higher authority over her employment with defendant.

4.

On February 17, 2020, Petitioner began her employment with defendant as an Assistant Financial Controller.  Shortly thereafter, Petitioner repeatedly witnessed defendant discriminate against and harass other female employee(s) because of their race and sex/gender, including Layla Bolden.  On or around September 1, 2020, Petitioner witnessed defendant, through Perret, make

1

derogatory comments about two (2) white employee(s) who were married to African American(s), including Ms. Bolden, stating that they were "stupid because they were married to black people". Defendant also admitted to Petitioner that it was discriminating against and harassing Ms. Bolden because of her race and sex/gender, including Dardar admitting that she and Perret were racist and commonly made racist remarks about African Americans.

5.

Petitioner also witnessed defendant retaliate/take reprisal against other female employee(s), such as Ms. Bolden, because Ms. Bolden engaged in protected activities, which included, but was not limited to:

a.  Defendant, through Dardar, on August 4, 2020, advising Petitioner that defendant was attempting to "set" Ms. Bolden up to be fired because she reported and complained about race and sex/gender-based discrimination/harassment;

b.  Defendant admitting to Petitioner that there were going to be "many write-ups" against Ms. Bolden in an effort to terminate her and that Ms. Bolden could "quit if she [did not] like it [in reference to the discrimination/harassment]";

c.  Defendant, through Dardar, on September 2, 2020, stating to Petitioner that defendant would offer Ms. Bolden approximatley fifty thousand dollars ($50,000) to sixty thousand dollars ($60,000) if she left her employment and did not pursue any action against defendant as a result of its unlawful actions;

d.  Defendant, through Suire, admitting to Petitioner that although Ritter previously attempted to "pacify" and make Ms. Bolden feel "comfortable", defendant did not intend to address her complaints of race and gender/sex-based discrimination/harassment and instead, wanted Ms. Bolden to "drop her guard" so defendant could find a basis to terminate Ms. Bolden. Suire further stated to Petitioner that Ms. Bolden was a "target", that there was a "plan" to get rid of her, was placed on a "three (3) strike rule" and that she "already had two (2) strikes", and defendant was going to "pull everything" it "possibly [could] against" Ms. Bolden in an attempt to fire her because of her race, sex/gender, and protected activities;

e.  False accusations of poor work performance against Ms. Bolden; and

f.  Defendant, through Dardar, acknowledging to Petitioner that defendant was attempting to "set" Mr. Bolden "up" because of her race, sex/gender, and protected activities.

2

6.

From August, 2020, through January, 2021, Petitioner complained, opposed, and reported the unlawful race and gender/sex-based discrimination/harassment and retaliation/reprisal of Ms. Bolden directly to Perret, to no avail.   Petitioner further reported and complained about the unlawful conduct to defendant, through Dardar, Suire, and Rittter.  However, defendant failed to take any action to cease the discrimination/harassment and retaliation/reprisal.  Instead, defendant actively dissuaded Petitioner from reporting the unlawful conduct, including Ritter advising Petitioner that Perret was "not going anywhere" and Suire directing Petitioner to "let it go".

7.

Thereafter, defendant retaliated/took reprisal against Petitioner as a result of her protected activities, including threatening her job, retaliatory harassment, issuing her false reprimands, removing significant and material job duties, including payroll, and relegating her to mere clerical duties, altering Petitioner's work schedule to unfavorable hours, falsely accusing her of poor work performance and making a sexual advance on Ritter, posting an opening for her job position, suspending her, and ultimately terminating her.  On numerous occasions, Dardar repeatedly questioned Petitioner whether she was "sure" she wanted to report Perret and that it was a "just a game".   Suite also disclosed to Petitioner that defendant "did not care" about the discrimination/harassment and retaliation/reprisal and threatened if Petitioner did not like it, she could "find [an]other job".   Petitioner was further restricted by Perret from complaining about defendant's unlawful conduct in writing or to defendant's Human Resource Department.

8.

On September 10, 2020, defendant, through Dardar, stated to Petitioner that she was not "trusted" because of her protected activities and Perret was using "words against" her.  On or around October 15, 2020, after Petitioner received a retaliatory email altering her work schedule, defendant, through Dardar, threatened Petitioner to "pack" her "sh*** too because it's done [in reference to her job]".   Defendant, through Perret, then began openly discussing Petitioner's employment and admitted that he was attempting to "run" Petitioner "off" from her job because of her protected activities.

9.

On January 8, 2021, Petitioner complained to defendant, through Ritter, Suire, and Dardar, about the retaliation/reprisal she was suffering and provided specific details as to her protected

3

activities, defendant's unlawful conduct, and the negative affects to her mental and physical health. Two (2) days later, on Sunday, January 10, 2021, Petitioner received an email from defendant terminating her employment, effective Monday, January 11, 2021, specifically citing her protected activities, including on December 4, 2020, as an alleged basis for her termination.  Although defendant falsely accused Petitioner of poor work performance as an additional reason for her termination, this reason was pretext for defendant's unlawful termination and retaliatory motive against her.  Prior to Petitioner's protected activities, she was not counseled, reprimanded, written-up, or disciplined.  In fact, defendant did not cite Petitioner for any alleged unsatisfactory work performance at any time prior to her protected activities.

10.

Petitioner shows that the defendant has a policy, practice, and/or custom of discriminating, harassing, and/or retaliating/taking reprisal against employee(s).  For instance, defendant retaliated/took reprisal against similarly situated employee(s) as Petitioner, including Ms. Bolden, who reported and complained about race and gender/sex-based discrimination/harassment and retaliation/reprisal in the workplace.

11.

Petitioner shows that defendant failed to have in full force and effect an effective policy regarding race and gender/sex-based discrimination/harassment and retaliation/reprisal in the workplace.  Defendant failed and/or refused to take any action to remedy the situation in Petitioner's work environment, failed and/or refused to take any action to prevent race and gender/sex-based discrimination/harassment and/or retaliation/reprisal from occurring, and deliberately failed to address Petitioner's complaints.  Petitioner shows that defendant's retaliation/reprisal against Petitioner culminated in the taking of tangible employment action, including threatening her job, retaliatory harassment, issuing her false reprimands, removing significant and material job duties, altering Petitioner's work schedule to unfavorable hours, falsely accusing her of poor work performance and making sexual advances on another employee, posting an opening for her job position, suspending her, and firing her.

12.

Petitioner contends that the actions/inactions of defendant, namely, race and sex/gender-based discrimination and harassment, violated the law under La. R.S. 23:301, *et seq.* Defendant's retaliation/reprisal against Petitioner, including threatening her job, retaliatory harassment, issuing

4

her false reprimands, removing significant and material job duties, altering Petitioner's work schedule to unfavorable hours, falsely accusing her of poor work performance and making sexual advances on another employee, posting an opening for her job position, suspending her, and firing her, were in violation of La R.S. 23:967, for which Petitioner sues defendant for herein.

12b.

Petitioner contends that the actions/inactions of defendant, namely the incidents which are identified by Petitioner herein constituted unlawful race and sex/gender-based discrimination and harassment and/or that Petitioner reasonably believed the incidents identified by Petitioner herein constituted unlawful race and sex/gender-based discrimination and harassment in violation of Title VII and/or that as result of Petitioner's opposition to and reports of what she reasonably believed to be unlawful race and sex/gender-based discrimination and harassment. Petitioner contends as a result of her activities protected by Title VII, she was subjected to unlawful retaliation in violation of Title VII and for which she sues for herein.

13.

On October 22, 2020, Petitioner timely filed Charge(s) of Discrimination with the EEOC and LCHR. Petitioner received the attached Notices of Right to Sue from the EEOC, both dated June 30, 2022, and therefore all conditions prerequisite to suit herein under Title VII have been met and complied with.

14.

As a result of the situation sued upon herein, Petitioner sustained damages which include, but are not limited to, past and future lost wages and benefits, loss of job, severe emotional distress, mental anguish, embarrassment, humiliation, psychological damages, medical expenses, and all such other damages as will be more fully shown at trial of this matter and for which Petitioner sues for herein.

15.

Petitioner seeks and is entitled to attorney fees pursuant to La. R.S. 23:967 and pursuant to Title VII.

5

15a.

Petitioner shows that the actions of the defendant were in wanton and reckless disregard for her clearly established and protected rights. Petitioner seeks and is entitled to an award of punitive damages pursuant to 42 U.S.C. §1981a.

16.

Petitioner seeks and is entitled to all such other relief afforded to her at law and in equity, including an award of litigation expenses and all costs of these proceedings.

17.

Petitioner is entitled to and desires a trial by jury.

WHEREFORE, Petitioner, Jena Johns, prays for trial by jury, and after due proceedings are had there be Judgment herein in her favor and against defendant, Coil Tubing Partners, LLC, for all sums as are reasonable under the premises, **punitive damages as allowed by law**, attorney fees, all costs of these proceedings, legal interest thereon from the date of judicial demand until paid, and all such other relief to which Petitioner is entitled at law or in equity.

Respectfully submitted,

BY:
Jill L. Craft, T.A., Bar Roll #20922
W. Brett Conrad, Jr., Bar Roll #37639
Jill L. Craft, Attorney at Law, LLC
329 Saint Ferdinand Street
Baton Rouge, Louisiana  70802
(225) 663-2612

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that I have served a copy of the above and foregoing First Supplemental, Amending, and Restated Petition upon counsel of record for all parties defendant hereto, Mr. Joel P. Babineaux, Ms. Karen T. Bordelon, Ms. Sarah B. Dupont, Babineaux, Poche', Anthony & Slavich, L.L.C., Post Office Box 52169, Lafayette, Louisiana 70505-2169, via email and First Class United States mail, properly addressed with sufficient postage affixed thereto on this 5 day of _____ July _____, 2022.

Baton Rouge, Louisiana, this 5 day of _____ July _____, 2022.

6

```
Lafayette Parish
Filed Jul 08, 2022 9:36 AM
   Simone Vaughan
 Deputy Clerk of Court
```
C-20214330
D

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that I have served a copy of the above and foregoing Unopposed Motion to File First Supplemental, Amending, and Restated Petition and proposed Order upon counsel of record for all parties defendant hereto, Mr. Joel P. Babineaux, Ms. Karen T. Bordelon, Ms. Sarah B. Dupont, Babineaux, Poche', Anthony & Slavich, L.L.C., Post Office Box 52169, Lafayette, Louisiana 70505-2169, via email and First Class United States mail, properly addressed with sufficient postage affixed thereto on this 5 day of July, 2022.

Baton Rouge, Louisiana, this 5 day of July, 2022.

Lafayette Parish
Filed Jul 06, 2022 8:35 AM
Simone Vaughan
Deputy Clerk of Court

C-20214330
D

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New Orleans Field Office**

500 Poydras St., Suite 809
New Orleans, LA 70130
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
New Orleans Status Line: (866) 408-8075
New Orleans Direct Dial: (504) 595-2826
TTY (504) 595-2958
FAX (504) 595-2884

Jena Johns
110 Rue Des Cannes
Maurice, LA 70555

Re:     Charge Number:  461-2020-02511
        Jena Johns v Coil Tubing Partners, LLC

Dear Ms. Johns:

You filed the above referenced charge of discrimination. The EEOC has carefully assessed and
reviewed your charge of discrimination and determined that it should be closed. This decision is
made considering all aspects of your case including the EEOC's limited resources which make it
impossible to pursue all possible leads in every investigation. Our determination not to continue
the investigation does not mean that your charge has no merit or that the conduct of the employer
is lawful. It simply means that based on the evidence we have reviewed or uncovered at this
time we are unable to determine whether or not a violation of the law has occurred.

Based upon information gathered during the investigation, the Commission will not proceed
further with the investigation of your charge. However, the Commission was created as a first
step before going into court regarding a matter alleging a violation of the law. Because we will
not proceed further, does not mean that you cannot prevail in a court of law if you decide to
pursue this matter further.

The Dismissal and Notice of Rights is being issued to you based on the evidence described
above. You will have 90 days from your receipt of the Dismissal and Notice of Rights, EEOC
Form 161, to pursue this matter on your own in Federal District Court if you decide to pursue
this matter further.

Sincerely,

Vera A.
Sumpter

Digitally signed by Vera A. Sumpter
DN: cn=Vera A. Sumpter, o=EEOC,
email=vera.sumpter@eeoc.gov, c=US
Date: 2022.06.30 15:18:16 -05'00'
Adobe Acrobat version: 2022.001.20117

06/30/2022
Date

Investigator

cc:  Brett Conrad and Jill Craft, attorney for the charging party

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

New Orleans Field Office
500 Poydras Street, Suite809
New Orleans, LA 70130
(504) 635-2531
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 06/30/2022

To: Ms. Jena Johns
110 Rue Des Cannes
MAURICE, LA 70555
Charge No: 461-2020-02511

EEOC Representative and email:    Vera Sumpter
Investigator
vera.sumpter@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 461-2020-02511.

On behalf of the Commission,

Digitally Signed By:Rayford O. Irvin
06/30/2022
Rayford O. Irvin
District Director

Cc:
Joel P Babineaux
BABINEAUX, POCHE, ANTHONY & SLAVICH, L.L.C.
JBABINEAUX@BPASFIRM.COM

Carolyn Suire
COIL TUBING PARTNERS, LLC
csuire@coiltubingpartners.com

Brett Conrad
JILL CRAFT LAW
bconrad@craftlaw.net

Jill L Craft
JILL L. CRAFT
jcraft@craftlaw.net

Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

### INFORMATION RELATED TO FILING SUIT
### UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

#### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you** *receive* **this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

#### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to: https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

#### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 461-2020-02511 to the District Director at Rayford O. Irvin, 1919 Smith Street 6th Floor

Houston, TX 77002.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

Enclosure with EEOC Notice of Closure and Rights (01/22)

You may request the charge file up to 90 days after receiving this Notice of Right to Sue.  After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to:
https://www.eeoc.gov/eeoc/foia/index.cfm.